Belcher *v.* Belcher.

JOSEPH BELCHER et al., executors,

*v.*

FREDERICK H. BELCHER et al.

Where property is given to executors in trust, to be equally divided among testator's children, with a direction to pay the sons their shares, and to hold the daughters' shares, and pay them the income thereof in half-yearly payments for life, the executors have power to sell the testator's lands.

Bill for construction of will. On final hearing on bill and proofs.

*Mr. W. S. Gummere,* for complainants.

THE CHANCELLOR.

Thomas Belcher, deceased, by his will, provided as follows:

" On the death of my said wife I do give, devise and bequeath all my estate, both real and personal, to my executors hereinafter named, in trust, nevertheless, for the following use and purpose, that is, in trust for my children, to be divided among them, share and share alike, as follows: To my sons I direct my said executors to pay their respective shares as they arrive at the age of twenty-one years; the respective shares of my daughters I do order and direct my said executors to hold in trust to pay to them, respectively, the income arising from their respective shares, in half-yearly payments during their natural lives, free from the control of any person or persons whatsoever, and to their own and sole use; and on the death of either of my said daughters, to pay the share of such deceased daughter to her heirs-at-law."

The question is whether the executors have power to sell the land. The testator's widow is dead. He left three sons (two of whom are the executors) and four daughters. The personal estate has been divided; the real estate remains to be disposed of. The power of the executors to sell it is, it is said, questioned and denied by counsel, and such question and denial prevent the sale of the property. Hence this application to the court by the executors for a construction of the will on that head. The property, it will have been seen, is given to the executors in trust for the testator's children, to be equally divided among them, and the executors are directed to pay the sons their shares and to hold the daughters' shares and pay them the income thereof in half-yearly payments for life. It is quite clear that the testator intended that the land should be converted into money. The fee is given to the executors. The real and personal estate are blended together in the disposition of them, and the executors are to divide them among the children—to *pay* the sons their shares and the daughters the income of theirs for life. The direction to pay the sons' shares implies a direction to convert, and so of the direction to pay the income of the daughters' shares; it implies a direction to invest, which involves the necessity of converting

the land.   The following cases are in point :   *Van Ness* v. *Jaco-bus, 2 C. E. Gr. 153 ;  Wurts* v. *Page, 4 C. E. Gr. 365 ; Hag-gerty* v. *Lanterman, 3 Stew. Eq. 37,* and *Zabriskie* v. *M. & E. R. R. Co., 6 Stew. Eq. 22.*   The executors undoubtedly have the power to sell.