By the Court. Oakley, Ch. J.
This is an action of ejectment, brought by Meakings against Cromwell and his tenants, to recover possession of the house and lot at the comer of Amity and Greene streets, in this city.
Both parties claim title under Benjamin Hyde, who was seised in fee of the premises, in 1833, and being so seised, made a will in due form of law, to pass real estate, and by that will, after giving to his wife the rents of the premises in dispute during her life, devised as follows: “ after her death, (of his wife,) the house and lot the corner of Amity and Greene streets, to be sold, and the net proceeds equally divided between Benjamin Hyde Old, Joshua Hyde Old, and their sister, Caroline Old, share and share alike.” These were the nephews and niece of the testator. The will then proceeded to appoint Jane Parks Meakings, Benjamin H. Meakings, Joshua Hyde Old, and Benjamin Hyde Old, his executors and executrix. At the time of making the will, these nephews and his niece were aliens ; the nephews residing in this country, with the testator, and Caroline residing in England, where she has always lived, and now resides. After making the will, and prior to the death of the testator, Benamin Hyde Old, one of the nephews, died. The testator died in 1835, leaving his will unrevoked, the nephew and niece being still aliens.
Letters testamentary were granted on the will, to Jane Parker Meakings alone, (the other executors not having qualified,) and in July, 1847, a deed was executed by her, as executrix, to Richard Reed; and Reed, in October, 1847, conveyed by warranty deed to Cromwell, under which deed he claims title.
The plaintiff, Meakings, claims title by virtue of a quit-claim deed to him from Joshua Hyde Old.
On the argument, several questions were raised on the plaiu *514 tiff’s title, some of which are not without difficulty. The view that we have taken of the case, renders it unnecessary to consider those questions. If the grounds on which we are about to dispose of the case shall prove to be untenable, those questions will still be open to the defendant.
The deed of Jane Parks Meakings was executed, under the idea that a power to sell the premises in question, is to be implied in the executrix.
This presents the questions :
1st. Whether there is such implied power under the will; and
2nd. Whether it was well executed.
We have looked at all the cases cited by counsel on the argument, and we have come to the conclusion that there is a power implied in the executors to sell; and that its execution by the executrix, who alone has qualified, is valid.
The authorities are collected in Sugden on Powers, page 153, (Ed. 1847). Without going minutely into these cases, we think there is clearly to be derived from them this principle, that whenever a power is given, in a will, to sell lands, without expressly naming a donee of the power, and the proceeds of the sale are to go to pay debts or legacies, or to be distributed, then the power vests in the executors, unless a contrary intent appears.
The cases in 2 Leon. 220, and 2 Dali. 223, are very like the present; and although they are not fully reported, the court seems to have considered the principle as very clear. In the case in Leonard, the proceeds of land ordered to be distributed, are considered in the nature of legacies, and the payment of legacies being among the appropriate duties of an executor, the power to sell lands for such purposes, has always been held to vest in him by the implied intent of the testator.
This rule, as I have above stated it, is clearly laid down in the court of errors, in Bogert v. Hertell, (4 Hill, 500,) where Justice Nelson says, “it is settled law, since the year books, that a power, given in a will, to sell land, for the purpose of paying *515 debts and legacies, or for making division of the proceeds, without naming the donee, will vest in the executors by implication.”
In this will, such an implication is, in our judgment, much strengthened by the circumstance that the two nephews, who were the objects of the testator’s bounty, and who resided in this country, are named as executors. They were beneficially interested in the execution of the power; and it is a strong ground for inferring the intent of the testator, that they should execute the power of selling who were to receive a portion of the proceeds, and who, therefore, would have every inducement to see that the power should be faithfully executed.
There seems, indeed, to have been little else for the executors to do, under this will, but to carry out the testator’s intention in regard to his nephews and niece, who, as aliens, being incapable of taking and holding the lands under a devise, were intended to have virtually the same thing, under a bequest of the proceeds in the nature of legacies, which they might take. The proceeds of the land, here come in the place of legacies, and were clearly intended as such.
The object, in all these cases, is to arrive at the intention of the testator; and if the intention can be fairly ascertained from the whole will, it must be carried out. Now, looking at this will, and seeing that the purpose of the testator was to convert the house and lot in question, into money, for distribution among those for whom he wished to provide, and who could not avail themselves of the provision in any other form; and that for the general purpose of executing his will, he named, (among others,) as his executors, the distributees of the fund, to be created by the sale of the land; we cannot doubt that it was his intent that his executors should have the power, to carry his will, in this respect, into effect.
It was contended on the argument by the plaintiff’s counsel, that this case falls within that section of the revised statutes (vol. 1, 734, § 100,) which provides, that when the testator omits to designate who shall execute a power in a will, its execution shall devolve upon the court of chancery. It was an ordinary exercise of the jurisdiction of that court, to appoint a trustee to execute a trust or power, to prevent a failure of it, in cases *516 where no trustee was named or designated. We think the intent of the statute, was nothing more than to regulate and fix by law, what had been merely the practice of the court.
The court of chancery always upheld the doctrine of implied powers in executors to sell land, when such implication could he made according to the intent of the testator. We think an implied designation is sufficient; and that it was not intended by the statute, to abolish the whole doctrine of implied powers in a will. Indeed, trusts by implication of law, in wills, are expressly preserved by 2 R. S. 135, § 71.
The execution of the power, by one of the several executors, the others not having qualified, is valid. (Ogden v. Smith, 2 Paige, 195. Roseboom v. Mosher, 2 Denio, 61.)
The consideration expressed in the deed of the executrix, is one dollar. It was contended, that this execution of the power was void, as being fraudulent upon its face. The nominal consideration of one dollar is enough to sustain the deed, so as to pass the legal estate. The question whether it was a fraudulent execution in the action of ejectment, to try the legal title; and especially in this case, as no point of that kind was made at the trial.
The court, as the case comes before us, cannot undertake to determine whether there was any actual fraudulent intent, on the part of the executrix, in executing the power of sale; and we cannot say that a deed, with a nominal consideration, executed under such a power of sale, is, in judgment of law, fraudulent and void. An adequate consideration, in fact, may be shown to have been actually paid. And we probably ought to infer such to be the case; particularly as against the present defendant, who, for aught that appears, was a bona fide purchaser, and for a full consideration.
Judgment must be entered for the defendants.