Executors of Vanness *v.* Jacobus et al.

---

EXECUTORS OF EVERT H. VANNESS *vs.* ISAAC JACOBUS and others.

1. It is only where there is a reasonable question or doubt, that a trustee is entitled to come into court to have that question determined.

2. Where, by the residuary clause of his will, after numerous specific devises of portions of his real estate, a testator directs all the residue of his estate, both *real* and personal, to be *divided* into equal shares or parts, which he gives and bequeathes to his children and grandchildren, it is fairly to be inferred that the testator designed that the entire residue, *real* as well as personal, should be sold, and the proceeds distributed among the residuary legatees.

3. A direction by the will, to *divide* the residue of the testator's lands will not be constructed technically as a devise, where the testator has expressly directed the executors to sell the lands *not devised*.

---

The bill in this cause was filed to settle the construction of the will of Evert H. Vanness, deceased, and for directions to the executors.

*Mr. C. Parker*, for complainants.

*Mr. C. H. Scharff*, for defendant.

THE CHANCELLOR. The complainants having made sale of certain lands of which their testator died seized, a question is raised as to their power under the will to sell and convey the real estate. The court is asked to settle the true construction of the will, and to give direction as to the course to be pursued by the executors.

The case appears so clear, that had not the power of the executors to make the sale been denied by counsel, I should have regarded the application to the court as unnecessary and unwarranted. It is only where there is a reasonable question or doubt, that the trustee is entitled to come to the court to have that question determined. *Merlin* v. *Blagrave*, 25 *Beav.* 139.

The testator by his will gives several pecuniary legacies, and makes numerous specific devises of portions of his real estate.

By the residuary clause, he directs all the residue of his estate, both real and personal, to be divided into eight equal shares or parts, which he gives and bequeathes to his children and grandchildren. From the language of the residuary clause, it is fairly to be inferred that the testator designed that the entire residue of his real and personal estate should be sold by his executors, reduced to a common fund, divided into equal shares, and distributed by his executors as legacies among his children and grandchildren. The whole residue is to be divided into equal shares, which shares he gives and bequeathes to the legatees named. It is worthy of notice, that throughout the will the phrase "give and *bequeathe*" is uniformly applied to a bequest of *personal* property, and "give and *devise*" to a disposition of *real* estate. The testator contemplated the conversion of the entire residue into personalty, and a distribution of it by his executors among the residuary legatees.

But if this be not a necessary implication, and if any doubt exist as to the construction of the will, it is effectually removed by the codicil, which is as follows : "and whereas in my said will no authority was given to my executors to sell

any of my lands and real estate, but the same is ordered to be divided, now it is my will that my executors sell and dispose of all my lands and real estate, not devised in said will, and make good and sufficient deeds for the same, and divide the moneys received therefrom into eight equal parts or shares, as is directed in the eleventh section of my said will." It is objected that this clause confers no power to sell the lands, which by the eleventh or residuary clause of the will are ordered to be *divided*, because the order to divide operates technically as a *devise*, and the beneficiaries take as devisees under the will. Inasmuch, therefore, as the codicil confers only the power of selling lands *not* devised, it is inoperative as to those lands.

But this construction violates the most familiar and fundamental rules of interpretation.

1. It renders the clause totally nugatory. The whole of the testator's lands, other than those specifically devised, were covered by the residuary clause. If the codicil does not apply to those lands, it is unmeaning.

2. It regards the technical meaning of the terms, in total disregard of the sense in which the testator used them. It is obvious that the testator distinguished between the lands *devised*, and the lands ordered to be *divided*. The latter, not the former, he ordered to be sold. The codicil is in effect a declaration by the testator of the true meaning of the residuary clause of the will. He intended not that the lands should be divided, but that the lands should be sold and the proceeds divided.

Decree accordingly.