## JOHN Q. HAYES

*v.*

The executrix of the last will and testament of ROBERT HAYES, deceased, and the administrator of WILLIAM H. HAYES, deceased.

1. The gift of a particular debt, as where a bequest is made "of the money now owing to me from A," is a specific legacy.

2. All choses in action belonging to a testator at the time of his death, pass, on his death, to his executor, even though they are given as a specific legacy.

3. An executor has an absolute power of disposal over the whole of his testator's personal effects, including such things as are given by way of specific legacies. He should, however, preserve the things specifically given, so that they may be delivered in kind to the legatees, unless their conversion into money for the payment of his testator's debts is absolutely necessary.

4. Where a testator gives a debt due to him from a third person by way of specific legacy, the legatee stands simply as assignee of the debt as against the debtor, and if the executor makes no objection to a suit at law being brought in his name, but for the legatee's use, the only remedy of the legatee for the recovery of the debt is an action at law.

5. A court of equity will not entertain a bill by the assignee of a strictly legal right, merely on the ground that he cannot bring an action at law in his own name, nor unless it appears that the assignor prohibits and prevents such action from being brought in his name, or that an action so brought will not afford the assignee an adequate remedy.

On hearing on demurrer.

*Mr. John W. Griggs,* for the demurrant.

*Mr. George S. Hilton,* for the complainant.

VAN FLEET, V. C.

The right of the complainant to maintain this action is disputed. One of the defendants has filed a general demurrer. The action is founded on a bequest made by the will of Robert Hayes, deceased. Mr. Hayes died on the 4th day of July, 1876, and

his will was admitted to probate on the 14th day of the same month. That part of his will which is made the foundation of this action, reads as follows:

" The sum of $3,000, due and owing to me from my son William H. Hayes, which was borrowed of John H. Hindle by me on bond and mortgage given by me to said Hindle, which said sum of $3,000 my said son William H. Hayes had of me, and which said sum of $3,000 I hereby give and bequeath to my son John Q. Hayes, to have and enjoy forever."

The bill states that the sum mentioned in the will was loaned by the testator to his son William in July, 1872, and that William, since the testator's death, has paid no part of the $3,000 to the testator's executrix, but that he has paid to the complainant several sums, at different times, on account thereof, amounting altogether to $1,500, the last payment being made in 1886, and that there still remains due $1,500 of principal, with a large amount of interest. The bill also alleges that no part of the debt given by the will to the complainant is required for the payment of the testator's debts, and also, that the testator's son William died intestate in April, 1888; that administration was subsequently granted upon his estate, and that the complainant exhibited a claim, under oath, to the administrator for the amount remaining due on his legacy, which the administrator refused to pay. This action is brought against the executrix of Robert Hayes, deceased, and against the administrator of the testator's son William, and the prayer of the complainant's bill is, that the amount remaining due to the complainant on his legacy may be ascertained, and a decree be made directing the defendants, or one of them, to pay it. The administrator of William demurs.

There can be no doubt, I think, that the gift to the complainant must be held to be a specific legacy. The gift of a particular debt, as where a bequest is made " of the money now owing to me from A," is a specific legacy. *Ashburner* v. *Macguire, 2 Bro. C. C. 108; Stout* v. *Hart, 2 Hal. 414; Wyckoff* v. *Perrine, 10 Stew. Eq. 118; 2 Wms. Ex. 1168.* And I regard it as equally clear, that the title to the debt in question, on

the probate of the testator's will, vested in his executrix, together with the right to all remedies given by law for its recovery.   All goods and chattels, actions and commodities which were of the testator in right of action or possession, as his own, at the time of his death, pass, on his death, to his executor.   *3 Wms. Ex. 1656 ; Schoul. Ex. § 199.*   It is a general rule of law and equity that an executor has an absolute power of disposal over the whole of his testator's personal effects, including such things as are given by way of specific legacy.   *2 Wms. Ex. 932.*   It is his duty to get in the whole of his testator's personal estate, as well those things which are specifically given as all other parts of his estate, but he should preserve and keep such things as are specifically given, so that they may be delivered to the legatees in kind, unless their conversion into money for the payment of his testator's debt is absolutely necessary.   *2 Wms. Ex. 1440.*   The power of an executor to dispose of things given by way of specific legacy was at one time questioned, but modern adjudications have placed it beyond dispute.   *2 Wms. Ex. 934.*   So rigorous is the rule.requiring an executor to take possession of the whole of his testator's personal effects and make an account of it, so that it may·be applied in due course of administration, that in a case where a testator had directed that certain sealed parcels should be delivered by his executor, unopened, to the persons to whom they were directed, it was held that the executor could not safely obey the direction of his testator, for if he should be called to make an inventory, he could not make it on oath without knowing what the parcels contained, and if he should make delivery of the parcels, he would, by delivery, assent to them as legacies, and then, if there should not be sufficient assets to pay debts, he would be guilty of *devastavit.   Pelham* v. *Newton, 2 Lee Ecc. 46 ; 1 Wms. Ex. 392.*

That the executrix of Robert Hayes, deceased, might have recovered the debt in question by a suit at law, is a proposition which I think must be regarded as beyond dispute.   The right of action for its recovery vested in her on the death of her testator, and will remain in her until the debt is paid or the debt is transferred to some other person.   The executrix was at liberty

either to collect the debt, by suit or otherwise, or to make delivery of it to the complainant. It being a chose in action, actual physical delivery could not be made, and the only means by which it could be passed to the complainant was by assignment. No assignment has been made, nor, so far as appears, has the complainant asked or desired that the debt should be transferred to him. The legal right to the debt still remains in the executrix, and it has remained there apparently with the assent of the complainant. It requires no argument to show that the remedy of the executrix for the recovery of this debt is purely legal. If we take the facts stated in the bill as comprehending a complete exhibition of everything material to the rights of the parties involved in this litigation, it is manifest that it would be impossible to weave them into such form as to state a case in favor of the executrix which would exhibit the slightest ground of equity jurisdiction. Nor would it be possible for the complainant, if he were the assignee of this debt by formal assignment, to make a case out of the facts appearing in his bill which would be the proper subject of equity cognizance. His actual position before the court now is that of an assignee of this debt. It is true he acquired his right in the form of a legacy, but, as against the defendant, he stands simply as the assignee of a debt which the testator, by his will, said the defendant's intestate owed him. It is not within the power of a creditor to change, by the mere method of assignment he may adopt, the *forum* in which his debtor shall be answerable for his debt. That is a thing which he can neither regulate nor control.

The complainant, by his bill, says that the debt in question is not required for the payment of the debts of Robert Hayes, deceased. Whether it is required to pay the expenses of the administration of his estate the complainant does not say, but, assuming that it is not, then it necessarily follows that the complainant is entitled to the debt. He is now, by force of the will, the owner of the debt in equity, and entitled to an assignment of it. This being so, his right to have the payment of the debt enforced by a suit at law, in the name of the executrix, but for his use, would seem to be beyond question. This is the form in

which the complainant would have to bring his action, even if the debt had been transferred to him by a formal assignment. As has already been remarked, the complainant does not allege that the executrix has been asked to assign this debt to him, and has refused, nor does he say that she has refused to permit him to sue for it in her name, nor that if such suit should be brought there is the slightest reason to fear that she would fraudulently or wrongfully attempt to obstruct its prosecution, or do anything to deprive him of his just rights. It would seem, therefore, to be undeniable that the complainant's bill, as now framed, contains nothing which presents the slightest ground for the jurisdiction of a court of equity; for, I think, it must be considered settled, that a court of equity will not entertain a bill by the assignee of a strictly legal right, merely on the ground that he cannot bring an action at law in his own name, nor unless it appears that the assignor prohibits and prevents such action from being brought in his name, or that an action so brought will not afford the assignee an adequate remedy. *Walker* v. *Brooks, 125 Mass. 241.* Mr. Justice Matthews, in pronouncing the opinion of the supreme court of the United States, in *Hayward* v. *Andrews, 106 U. S. 672, 675,* laid down the same principle in a form rather more comprehensive than that just given. He said: "If the assignee of the chose in action is unable to assert in a court of law the legal right of the assignor, which in equity is vested in him, then the jurisdiction of a Court of Chancery may be invoked, because it is the proper forum for the enforcement of equitable interests, and because there is no adequate remedy at law; but when, on the other hand, the equitable title is not involved in the litigation, and the remedy is sought merely for the purpose of enforcing the legal right of his assignor, there is no ground for an appeal to equity, because by an action at law, in the name of his assignor, the disputed right may be perfectly vindicated, and the wrong done by the denial of it fully redressed." He adds, to hold otherwise would be to enlarge the power of courts of equity, so as to give them jurisdiction of cases in which the matters in dispute are pure legal rights. This principle, as thus stated, was affirmed by the same court in *New York Guaranty*

30

*Co.* v. *Memphis Water Co., 107 U. S. 205.* All the authorities bearing on the question were fully considered in these two cases. The question being one of jurisdiction, and it appearing by the statement of his case, as made by the complainant himself, that the matter, in respect to which he asks relief, is one of which the common law courts have exclusive jurisdiction in ordinary cases, and his case, as he states it, being without the least ground for equity jurisdiction, it would be the duty of the court, in the absence of any direct adjudication, to decline to entertain his bill.

The demurrer must be sustained, with costs.