# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

## ON APPEAL FROM THE COURT OF CHANCERY.

### NOVEMBER TERM, 1900.

FRANK R. CHANDLER, executor, et al., appellants,

*v.*

LEWIS A. THOMPSON, guardian *ad litem,* respondent.

[Filed March 4th, 1901.]

Where no express power to sell lands is given in a will to the executor, such power will not arise by implication, unless the implication is clear from the terms of the entire will, and it must be found that some duty has been imposed by the testator upon the executor, which necessarily carries with it a power of sale, in order to enable him to perform the duty.

On appeal from a decree advised by Vice-Chancellor Stevens.

George P. Pomeroy, of the State of Illinois, died in the year 1887, having first executed a will and a codicil thereto in due form of law to pass real estate, which will and codicil are as follows:

Chandler *v.* Thompson.

"Know all persons, that I, George P. Pomeroy, now residing temporarily in Paris, France, do hereby make and publish this my last will and testament, and hereby revoke, cancel and annul the trust agreements executed by me to Edwin Cowles, L. Prentiss and Frank R. Chandler, and bearing date March 6th, 1883, and to Mrs. Elizabeth Cowles and Elmira F. Chase, and bearing date October 6th, 1884, and to the effect aforesaid, I do hereby order and dispose as follows, that is to say:

"*First.* I direct that all my just debts and funeral expenses be first paid out of my estate at my decease.

"*Second.* I hereby give, devise and bequeath to my beloved son, Eugene C. Pomeroy, all my estate and property of every description, real and personal, and wherever the same may be situate, to vest in him at my decease, but not to be paid over or delivered to him until he shall have attained his majority, and until that time to be held and managed by my executors, as hereinafter named.

"*Third.* In case of the death of my son, Eugene C. Pomeroy, before attaining the age of twenty-one years, and without leaving issue surviving him, then and in that event I give, devise and bequeath to my aunt, Mrs. Martha E. Buckingham, and her daughters, Mrs. Anna S. Chandler and Rose A. Buckingham, and to the survivor of them, all of my estate and property of every kind remaining at that time.

"*Fourth.* I hereby constitute and appoint Martha E. Buckingham, of Chicago, Illinois, if she be living at my decease, the executrix of this my last will and testament, and if the said Martha E. Buckingham should not be living at my decease, or in case of her death after entering upon the duties of such executrixship, then I constitute and appoint my cousin, Mrs. Anna S. Chandler, of Chicago, Illinois, the executrix of this my last will and testament, and if the said Anna S. Chandler should not be living at my decease, or in case of her death after having succeeded the executrix, Martha E. Buckingham, in the duties of such executrixship, then I do constitute and appoint my cousin, Rose A. Buckingham, of Chicago, Illinois, and as her successor, Frank R. Chandler, of Chicago, Illinois, the executrix or executor of this my last will and testament, and I do hereby direct that all of the estate and property herein bequeathed to my son, Eugene C. Pomeroy, shall be held and managed during his minority by my executrix hereinabove named, and shall be kept safely invested in United States, state or municipal bonds, or in mortgages upon unencumbered real estate worth (exclusion of buildings) at least one-third more than the amount loaned thereon. And *the income from my estate to be used and applied* to the support and education of my said son until he attains the age of twenty-one years, when the whole estate, both principal and unexpended interest shall be paid over to him. And I hereby empower and authorize my executrix, in case she shall deem it necessary at any time, to use a part of the principal of my estate for the support and education of my said son, and the remainder in such case, together with all accrued and unexpended interest, to be paid over to him at his majority as required. And in case of the death of my said son before attaining his majority, and without issue surviving him, said estate or such remainder thereof to be by said executrix paid over to said Martha E. Buckingham, Rose A. Buckingham and Anna S. Chandler, or the survivor of them, Mary E. Van Aulen and F. R. Chandler.

Chandler *v.* Thompson.

"In witness whereof, I hereunto set my hand and seal, at Paris, France, this 24th day of February, A. D. 1887, in the presence of Alchartum Swensen and Eva E. Taylor as witnesses thereof.

"GEORGE P. POMEROY.  [SEAL.]"

"I, George P. Pomeroy, being of sound disposing mind and memory, do make, publish, declare and acknowledge this codicil to my last will and testament, made and published by me in Paris, France, on the twenty-fourth day of February, A. D. 1887, in the presence of Alchartum Swensen and Eva E. Taylor, which will I hereby ratify and confirm in all respects, except as the same shall be hereby changed. It is my wish and intention by my will above mentioned to revoke any and all former wills by me made. It is my will and devise that all of my estate and property of every description, real and personal, shall pass upon my death to the following named persons, in the order and in the manner following:

"*First.* To my beloved son, Eugene C. Pomeroy, for his sole use, as provided in my said last will, and in the event of his death before attaining the age of twenty-one years, and without leaving issue surviving him, then—

"*Second.* To my aunt, Martha E. Buckingham, and her daughters, Mrs. Anna S. Chandler and Rose A. Buckingham, and the survivor or survivors of them, for their sole use in equal parts, and in the event of the death of all the above-mentioned devisees, then—

"*Third.* To Mary E. Van Aulen and Frank R. Chandler and the survivor of them. As regards the investments of money belonging to my estate, it is my desire to so change the former provisions of my will as to allow a wider latitude in such investments, so that fifty (50) per cent. margin of security shall be sufficient to warrant such investments. It is my request that this codicil be attached to my said last will as a part thereof, and that said will and testament shall be probated and executed in the city of Chicago, county of Cook, and State of Illinois. It is my request that my executrix or executor mentioned in my said will be not required to give other than their personal bond.

"In testimony whereof, I hereunto set my hand and seal this ninth day of July, A. D. 1887.

"GEORGE P. POMEROY.  [SEAL.]"

*Messrs. Randolph, Condict & Black,* for the appellants.

*Mr. Mungo J. Currie,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The only question in this case is whether, under the terms of this will and codicil, the executor has power to sell the real estate of said testator.

In *Seeger's Executors* v. *Seeger, 6 C. E. Gr. 90,* Chancellor Zabriskie said: "There is no authority or decision, so far as my researches have extended, which holds that in a will which contains no power or directions to sell, such power is created by implication, because necessary or convenient to enable executors to execute the directions of the will."

In the later case of *Haggerty* v. *Lanterman, 3 Stew. Eq. 37,* a less stringent rule was applied, which led to the declaration by Chancellor Runyon "that if a testator, having a right to dispose of his real estate, directs that to be done by his executor which necessarily implies that the estate is first to be sold, a power is given by this implication to the executor to make such sale and execute the requisite deeds of conveyance."

This I understand to be in harmony with the rule adopted in other jurisdictions, that if a sale of the real estate is necessary to carry out the purposes of the testator, the power to make the sale will be given by implication, as otherwise the intention of the testator might be defeated. *Blount* v. *Moore, 54 Ala. 360; Van Winkle* v. *Fowler, 52 Hun 355; Livingston* v. *Murray, 39 How. Prob. Pr. 102; Mathewson's Petition, 12 R. I. 145; Going* v. *Emery, 16 Pick. 107; Matter of Fox, 63 Barb. 157; Skinner* v. *Wood, 76 N. C. 109.*

But the right to exercise such power of sale by implication has been rigidly restricted to those instances in which it is necessary in order to carry out the purposes of the testator's will.

Power of sale will not be implied merely because it will be beneficial to the estate. *Roe* v. *Vingut, 117 N. Y. 204.*

Power of sale will not be implied merely from direction to pay debts. *Hill* v. *Den, 54 Cal. 7; Huse* v. *Den, 85 Cal. 390; Owen* v. *Ellis, 64 Mo. 77.*

But such power will be implied from direction to pay debts with the proceeds of land. *Meakings* v. *Cromwell, 2 Sandf. 512; Skinner* v. *Wood, 76 N. C. 109.*

In *Smalley* v. *Smalley, 9 Dick. Ch. Rep. 591,* where the testamentary provision was as follows:

"I give, devise and bequeath all of my property, both real and personal, to my six children, as follows, that is to say, after the settlement and payment of all my just debts, then the residue of my estate, both real and personal, to be gathered into one general fund, and divided into six equal parts,"

Vice-Chancellor Stevens held that an implied power of sale was not given by this clause, because the testator used language technically appropriate to carry his real estate *in specie* to his children. It is not necessary to adopt so strict a rule in the case before us.

The statute of *22 & 23 Vict. c. 35* provides that a charge of debts on lands gives power of sale.

Prior to the passage of this statute there had been much discussion in the English courts on this subject, and to some extent the rule was unsettled. *Doe* v. *Hughes, 6 Welsby, H. & G. 223; Forbes* v. *Peacock, 11 Mees. & W. 637; Wrigley* v. *Sykes, 21 Beav. 337; Colyer* v. *Finch, 5 H. L. Cas. 905.*

In all English cases in which the power of sale was found to exist the judgment of the court was predicated upon the assumption that it was the duty of the executor to liquidate the debt charged on the lands.

The consideration of the question submitted by this appeal must be approached upon the assumption that the rule of interpretation is that the implication must be clear from the terms of the entire will, and it must be found that some duty has been imposed by the testator upon the executor which necessarily carries with it a power of sale in order to enable him to perform the duty. This rule is supported by the great weight of authority. *Lindley* v. *O'Reilly, 21 Vr. 649.*

The second clause of the will uses language appropriate to pass real and personal estate to Eugene C. Pomeroy, and providing that it shall vest in him at testator's death.

The direction in that clause "that it shall not be paid over or delivered to Eugene until he attains his majority" is not appropriate to and does not apply to the real estate.

The words immediately following—"and until that time to be held and managed by my executors"—expresses the intention of the testator with regard to the real estate.

The personal estate was to be invested by the executors and paid over to Eugene at his majority. The real estate was to be managed by the executors during his minority, the title thereto vesting in him at testator's death.

In the third clause, in case of the death of Eugene before the

age of twenty-one without issue surviving him, he gives, devises and bequeaths his estate to others named therein, indicating that at the happening of the contingency provided for, his estate would consist of both realty and personalty, and in that character pass to the persons therein named.

The language chiefly relied upon to establish the implied power is found in the fourth clause, in the following language:

"I do hereby direct that all of the estate and property herein bequeathed to my son, Eugene, shall be held and managed during his minority by my executrix and shall be kept safely invested in United States, state or municipal bonds, or in mortgages upon unencumbered real estate. And the income from my estate to be used and applied to the support and education of my said son until he attains the age of twenty-one years, when the whole estate, both principal and interest, shall be paid over to him."

In construing wills it must be presumed that words are used in their appropriate technical sense, especially where the testator in previous clauses has used the words "give, devise and bequeath" in disposing of both his real and personal estate. Otherwise there will be no uniform rule of interpretation, and no stable signification given to language which has a definite meaning in the law.

Charging the testator with a knowledge of the distinction between a bequest and a devise, the direction to invest all the property bequeathed to his son must be restricted to the personal estate which passed as a bequest.

The income of the estate, including both the interest received on the investment of the proceeds of the personal estate and the rents received by the executor from the real estate, which he was to manage during the minority of Eugene, was to be applied to his support and education.

There is no provision in the will which discloses a clear intention on the part of the testator to confer a power of sale upon the executor. The utmost that can be claimed is that it is the subject of doubt, a doubt which is not removed, but rather increased by the provisions contained in the codicil.

The testator declares in the codicil that it is his will and devise that all of his estate and property of every description, real and personal, shall pass, upon his death, in the following order:

Donald *v.* American Smelting, &c., Co.

*First.* To his son, Eugene.

*Second.* Upon the death of Eugene before twenty-one, without issue surviving, to Mrs. Buckingham and others named.

*Third.* Upon the death of all the above-mentioned "devisees," to Mary E. Van Aulen and Frank R. Chandler, and the survivor of them.

The last clause of the will, which is ratified by the codicil, gives to the same persons the personal estate in the same order.

The use of the words "devise" and "devisees" in the codicil indicates that it was in the mind of the testator that his real estate would continue to be real estate when his son arrived at the age of twenty-one years, if he lived so long.

The conclusion, therefore, must be that the power to sell real estate is not conferred upon the executor by the will of George P. Pomeroy, and the decree of the court of chancery should be reversed.

[Record ordered retained pending motion for rehearing.]