BOARDMAN S. BROWN et al.

*v.*

THE FIDELITY TRUST COMPANY, administrator, &c., et al.

[Submitted May 20th, 1913.   Decided June 10th, 1913.]

1. If a direction in the will as to the disposition of the proceeds of land requires its sale, it is equivalent to a positive direction to sell, so that the land is deemed personalty from testator's death except as to life tenants.   .

2. Whether a direction in a will to sell land amounts to a conversion of the land into personalty is a question of intention, the question being whether testator intended absolutely that the land be converted into money before distribution.

3. A will gave testator's estate to his widow for life, with remainder in equal shares to. his children, living at his death, and provided that the share of one daughter should be at least $2,000, and that another

daughter's share should be invested and the interest paid her for life. the principal to go to her lawful issue, and that the share of other daughters should be held for life, and upon their death without issue divided equally between the brothers and sisters, and that the share of a son should be invested by. the executor and the interest paid to him semi-annually with remainder over to his children. It empowered the executor to sell the realty during the widow's lifetime, with her consent, and to pay the interest of the proceeds to her for life and after her death to sell all of the realty then unsold. A codicil gave the estate after the widow's death to his three children named for their lives and the life of the survivor, and after the death of the survivor to testator's heirs-at-law.—*Held*, that testator intended his land to be turned into money before it was finally distributed to the remaindermen, so that it should be considered as personalty with reference to them.

4. A provision of a will directing the remainder of the shares given to testator's children for life, to be divided among their brothers and sisters "or the lawful issue of any such brother or sister who may have died since" the decease of testator, gave the remainder to the children of brothers and sisters deceased at the time of distribution in place of their parents.

---

On appeal from the Somerset county orphans court.

Benjamin Brown died leaving a widow and nine children. By his will he gave his estate to his widow for life, remainder in equal shares to his children living at the time of his death, subject to advances made to seven of them. The share of one daughter, Susannah, was to be at least $2,000. Sarah's share was ordered to be invested and the interest paid to her for life by the executor; upon her death the principal to go to her lawful issue. The shares of two daughters, Mary and Susannah, were for life, and dying without issue they were to

"be divided equally between the brothers and sisters of said Mary and Susannah Brown or the lawful issue of any brother or sister who may have died since the decease of this testator, with the exception of Sarah P. * * * whose share to such respective shares, or either of them, shall go to her lawful issue."

The share of Benjamin was ordered to be invested by the executor, and the interest paid to him semi-annually, with remainder over to his children. The executor was given discretion to pay some or all of the principal to 'Benjamin. The executor was given power to sell the real estate during the

widow's lifetime, she consenting thereto. The interest on the proceeds was to be paid to her for life. After the widow's death the executor was empowered to sell all the realty then unsold. By a codicil the testator gave his estate, after the death of his widow, to his children, Mary, Susannah and Benjamin,

"for and during their natural lives and the life of the survivor of them, and after their death and the death of the survivor of them, I give and bequeath the same to my heirs-at-law as set forth in my last will and testament above."

All the life tenants are dead. Benjamin left two children, Mary and Susannah died childless. Almira, with whose shares we are principally concerned, died before Mary and Susannah, leaving a husband and three children. The testator's estate consisted of a farm and trifling personalty. The farm was recently sold by the substituted administrator. The net proceeds of sale for distribution amount to $10,413.54. Almira's distributive share given directly to her by the will (after deducting an advancement of $575) of $802.94 plus one-seventh of the shares of Mary and Susannah of $482.56, is by the decree of distribution made by the orphans court, awarded to her personal representative, formerly her husband, now deceased, which enures to his estate, of which the Fidelity Trust Company is executor. Almira's children appeal, claiming that the share of their mother vested in her as real property, which descended to them as her heirs-at-law, and as to the one-seventh of the shares of their aunts, Mary and Susannah, they are legatees under the will of their grandfather. Against the first proposition the contention is that there was a testamentary conversion of the land into personal property. As to the second, no answer is made.

*Messrs. Pilch & Pilch,* for the appellants.

*Mr. Francis Lafferty,* for the Fidelity Trust Company, respondent.

*Mr. Hugh K. Gaston,* substituted administrator of Benjamin Brown, deceased, *pro se* respondent.

BACKES, VICE-ORDINARY.

If the direction of the will as to the proceeds requires a sale it is equivalent to a positive direction to sell, and the land is deemed personal property from the death of the testator. *Cook, Executor,* v. *Cook, Administrator, 20 N. J. Eq. (5 C. E. Gr.) 375.*

A conversion is a question of intention, and the real question is, Did the testator intend his lands should be converted into money at all events before distribution? *Wurts' Executors* v. *Page, 19 N. J. Eq. (4 C. E. Gr.) 365.*

No suggestion has been offered, nor can one be made, how other than by a sale and conversion Susannah's $2,000 and Mary's share for life could be got, or in what manner Sarah's and Benjamin's portions could be had for the purpose of investment, or whence the executor was to put himself in funds to advance to Benjamin some or all of the principal of his share during his lifetime. It is patent that the testator intended his land should be turned into money before it was distributed. The share of Almira was to be paid to her in money. It was a vested legacy. *Security Trust Co.* v. *Lovell, 78 N. J. Eq. (8 Buch.) 445.* Upon her death it passed to her personal representative.

The codicil does not disturb this bequest except that it further postpones the payment until the death of the life tenants added by the codicil. Its plain meaning is that upon this happening the estate was to go to the testator's heirs-at-law (next of kin) in the manner and proportions provided for by the will.

It is urged that the will evinces an intention on the part of the testator that his estate should be enjoyed by his descendants exclusively, and hence it would be doing violence to his wishes and desires to dispose of it otherwise, even though that disposition be according to well settled rules governing the interpretation of wills. The answer to this is that the testator gave to Almira her share without limitation, and it is to be presumed that he did so understanding its legal effect and the consequence in the event of her death. The language employed has a well settled legal significance, which must be regarded as having been

within the contemplation of the testator, and is to be accepted as the true meaning of his testament.

The provision of the will which directs that the remainder of the shares of Mary and Susannah for life shall be divided among their brothers and sisters, "or the lawful issue of any such brother or sister who may have died since the decease of this testator," is a bequest to the children of brothers and sisters deceased at the time of distribution, in substitution of their parents. *Lanphier* v. *Buck, 2 Dr. & Sm. 484.* It was so considered in the opinion below, but for some unexplained cause the decree of distribution excludes the appellants from participation, while the shares of other brothers and sisters of the life tenants who predeceased them were ordered paid to their children. In this respect the decree is erroneous. It will be modified, directing a one-seventh share to be paid to the appellants in equal portions.

The decree will be reversed with costs.