THOMAS J. SMITH, surviving executor by and under the last
will and testament of Mary Ann Smith, deceased, com-
plainant,

*v.*

FREDERICK H. MOONEY, defendant.

[Decided December 16th, 1927.]

A trustee to whom a residuary estate consisting of personal and
real property was bequeathed and devised, to divide it, at a time fixed
by the testator for *distribution*, among the issue of her six children,
at the death of the surviving child, has by implication the power to
sell real estate.

*Mr. Edward M. Colie,* for the complainant.

*Mr. R. Arthur Heller,* for the defendant.

BACKES, V. C.

The surviving executor and trustee under the last will and
testament of Mary Ann Smith, deceased, entered into a writ-
ten contract with the defendant to sell him a piece of land be-
longing to the estate. The bill is filed to compel the defend-
ant to perform his contract, and he is willing to do so, but
contends that the complainant cannot give him a marketable
title, asserting that the executor has not the power to sell.
That depends upon the true construction of the will. The
testatrix, after some specific bequests and devises, by the
fifth clause of her will, which is too long to set out in full,
devised and bequeathed all the rest, residue and remainder
of her property to her executors upon trust to hold the prin-
cipal of her estate during the lifetime of her six children, and
upon the death of the survivor to divide it as hereinafter
stated. In the meantime the income was to be paid to the
children and one Catherine Burke, in equal shares, the chil-

dren of any deceased child to take the parent's share of the income, with discretionary right in the trustee to withhold the income or otherwise dispose of it, not now important to state. Upon the death of all the children the will directs that the principal of the estate, and accumulations of income, if any, be divided among the issue of the testatrix's six sons and Catherine Burke. The share to each is given in substantially, if not precisely, the same language as follows: "One share of the principal of my estate to the children of my son Philip Smith, living at the time herein fixed for *distribution,* to be equally *divided* among them, the issue of any of his deceased children to take the parent's share, in case all his children shall be then dead and the issue of none be then living, then his share to be *divided* equally among by then surviving grandchildren." The testatrix died possessed of considerable personal property and many houses and vacant lots of land in and about Newark, and if distribution of the estate were made at this time some of the *pro rata* shares would be as low as a one-seventy-second of the whole.

There is, it is true, no words expressly authorizing the sale of the real estate, but full effect could be given to the testatrix's direction to *divide* the estate—the real and personal property as a unit—at the time fixed by her for its *distribution* unless there was a conversion of the realty. The testatrix obviously contemplated that the division should be in money-shares, and to that end that the real estate should be sold. The power of sale in the trustee is clearly implied. This view is supported by the cases in this state construing similar provisions in wills. *Executors of Van Ness* v. *Jacobus, 17 N. J. Eq. 153; Wurts* v. *Page, 19 N. J. Eq. 366; Haggerty* v. *Lanterman, 30 N. J. Eq. 37; Belcher* v. *Belcher, 38 N. J. Eq. 126; Moor* v. *Wears, 87 N. J. Eq. 459.*

The complainant can unquestionably convey a marketable title and a decree that the contract be enforced will be advised.