The bill of complaint presents two causes of action. One seeks construction of the will of Frederick Nelson Groscup, deceased, and the other partition of the real property of which he died seized. Testator's estate consists entirely of personal property, with the exception of the dwelling wherein he resided prior to his death.
The second cause of action falls if by a proper construction *Page 134 
of the will the executors named therein have by implication the power to sell the real estate.
The pertinent parts of the will are:
"Seventh Also to the above, Henry P. Aliotti, I bequeath fifteen (15) shares of the stock of The Singer Mfg. Co. to reimburse him for any possible expense incurred, or to be incurred, by him, owing to our mutual understanding regarding my sojourn with him at his apartment when in New York, in recognition of his always thoughtful kindness consideration 
the esteem in which I hold him.
"Eighth. All the rest, residue and remainder of my Estate, real, personal and mixed, wherever situated, after payment of all assessments taxes due is to be divided as follows:
15 5/8% to Henry P. Aliotti 107 Waverly Place, N.Y. City 230 Fifth Avenue, N.Y. City.
12 1/2% to Elizabeth A. Nelson (Aunt) 4320 Chestnut St. Phila. Pa.
12 1/2% to Carrie Nelson VanSant (Aunt) 411 Hawthorn Road, Roland Park, Balto. Md.
12 1/2% to Frances M. Nelson, widow of my Uncle, Thos. Talbot Nelson, 4320 Chestnut St. Phila. Pa.
12 1/2% to Harold Frederick Hill (namesake) 100 Monmouth Road, Eliz. N.J.
6 1/4% to Louise Nelson VanSant (cousin) 411 Hawthorn Road, Roland Park, Balto. Md.
6 1/4% to Elizabeth VanSant (cousin) 411 Hawthorn Road, Roland Park, Balto. Md.
6 1/4% to Florence Nelson Bucher (cousin) 104 Grayling Ave. Narberth, Pa.
3 1/8% to Thos. Talbot Nelson Bucher (cousin once removed) 107 Grayling Ave. Narberth, Pa.
3 1/8% to Florence Elizabeth Nelson (cousin once removed) 4320 Chestnut St. Philadelphia, Pa.
3 1/8% to Caroline Garrett VanSant (cousin once removed) Homewood, Md.
3 1/8% to Wilbur Nicholas VanSant, Jr. (cousin once removed) Homewood, Md.
3 1/8% to Caroline Josephine Hill, 100 Monmouth Road, Elizabeth, N.J.
"Ninth In event of the death of any of the beneficiaries here-in mentioned, his or her share is to be paid to Henry P. Aliotti, together with any residue or remainder occurring after payment of the above bequests.
"Tenth. Should Henry P. Aliotti have died before me, then the above legacies intended for him are to be divided equally between my cousins, Louise Nelson VanSant, Elizabeth Van Sant, Florence Nelson Bucher, and Harold Frederick Hill."
No express power to sell lands is given in the will to the executor. Should a power of sale be found to exist by implication *Page 135 
then there can be no partition since the sole interest of any of the beneficiaries would in equity be a share in the proceeds instead of an interest in a tenancy in common as devisees.Moore v. Wears, 87 N.J. Eq. 459; 100 Atl. Rep. 563. Such a power of sale may be implied only if it is found that testator intended that his estate be converted into money before distribution. The rule is well established that where no express power to sell lands is given in a will to the executors such power will not arise by implication, unless the implication is clear from the terms of the entire will, and it is found that some duty has been imposed by the testator upon the executor which necessarily carries with it a power of sale in order to enable him to perform such duty. Chandler v. Thompson, 62 N.J. Eq. 723; 48 Atl. Rep. 583; Brown v. Fidelity Trust Co., 82 N.J. Eq. 323; 87 Atl. Rep. 222.
The deceased was for years the paymaster of a large manufacturing corporation. He was above the average man in experience and education. The will is in his handwriting. The provisions of his will considered from the four corners thereof are persuasive that it was his intention that his estate be converted into money before distribution.
In the eighth paragraph the residue and remainder of his estate, both real, personal and mixed, after payment of assessments and taxes is to be divided into the percentages set opposite the named beneficiaries. In the ninth paragraph it is provided that in the event of the death of any of thebeneficiaries, his or her share is to be paid to Henry P. Aliotti. By the tenth paragraph if Henry P. Aliotti died before the testator then the legacies intended for him are to be divided between the persons in that paragraph named. Undoubtedly the testator was thinking in terms of money. A legacy is a testamentary disposition of personal property. The direction that in the event of the death of any of the beneficiaries, his or her share is to be paid to Henry P. Aliotti implies a direction to convert. Belcher v. Belcher, 38 N.J. Eq. 126. It must be presumed that the testator knew the legal effect of his language. Further support for the view herein expressed that the executor is clothed with an implied power of sale may be found in other cases in this *Page 136 
jurisdiction construing similar provisions of wills. Executorsof Vanness v. Jacobus, 17 N.J. Eq. 153; Haggerty v.Lanterman, 30 N.J. Eq. 37; Smith v. Mooney, 5 N.J. Mis. R.1087; Wooley v. Silver (Docket 139, page 513), not reported.
Elizabeth A. Nelson and Frances M. Nelson two of the beneficiaries named in the eighth paragraph predeceased testator as did Henry P. Aliotti, who was the last to die. Did the remainder over in the event of the death of Henry P. Aliotti include the shares of Elizabeth A. Nelson and Frances M. Nelson? The language of the ninth and tenth paragraphs is unambiguous. By the ninth paragraph testator expressly stated that Henry P. Aliotti should take the share of any of the beneficiaries who predeceased him. By the tenth paragraph if Aliotti predecease the testator the legacies "intended for him" are to go to the persons named. This language is interpreted to mean and include everything to which Henry P. Aliotti would have been entitled under the will had he survived testator.
Complainant urges that he is entitled to one-half of the remainder over, and this because testator provides in the tenth paragraph that if Henry P. Aliotti dies before the testator that the legacies given to Aliotti "are to be divided equally between my cousins, Louise Nelson VanSant, Elizabeth Van Sant, Florence Nelson Bucher, and Harold Frederick Hill." Complainant was not a cousin of testator. This insistment of complainant is rested upon the word "between" because of the use of which word complainant says that the testator intended to give one-half of the remainder to the three cousins as a class and the other one-half to him.
The word between is commonly used in reference to two only. Here the word between is evidently mistakenly used in the place and stead of the word among, since it cannot be reconciled with the proviso that the legacies are to be divided equally between the named cousins and complainant. The word equally negatives any such intention. I am of opinion that testator used the word between in the sense of among and that the four named beneficiaries share equally.
Decree accordingly. *Page 137