The complainant, William Thomas Bostock, Sr., is the executor and trustee under the last will and testament of Mary H. Dennin, deceased, and brings this bill in which he prays that the court "declare complainant's rights thereunder with respect to power to make sale of real-estate owned by said testatrix at the time of her death."
Testatrix died January 1st, 1943, and her last will and testament dated October 13th, 1942, was admitted to probate by the surrogate of the County of Union and letters testamentary issued thereon to complainant. In the second clause of her will it is provided: *Page 389 
"I will and bequeath all my property, both real and personal, in five shares, one share each, to my husband, MATTHEW J. DENNIN, and my three surviving children, MATTHEW J. DENNIN, JR., MARY F. HERRMANN, and HELEN M. BOSTOCK, and the remaining one share to the children of my deceased son, JOSEPH W. DENNIN, SR., share and share alike, to be held by my Executor hereinafter mentioned, it being understood, however, that same is not to be disposed of at a sacrifice, merely for the purpose of prompt settlement of my estate and distribution of proceeds.
"Should either of my three children mentioned above die previous to my death, or after my death but prior to the sale of the property in accordance with the condition above outlined and distribution of the proceeds, their whole share is to revert directly to their children and this whole share is to be safely invested and held in trust by the Executor of this Will, hereinafter mentioned; neither of their children to receive their portion of this whole share, plus the accrued interest, until: (1) Reaching seventeen (17) years of age, provided such portion of said share, plus accrued interest, is to be used for the purpose of furthering the education of said child. If not to be used for this purpose, then (2) Upon reaching twenty-one (21) years of age, unconditionally.
"Should my husband, MATTHEW J. DENNIN, die previous to my death, or after my death but prior to the sale of the property in accordance with the condition above outlined and distribution of the proceeds, his share is to revert directly in equal parts, to the other surviving heirs and/or children of deceased heirs in the same manner as above outlined.
"After my death the property is to be kept in repair and in good salable condition, the expenses of this upkeep, including taxes and other necessary expenditures to be derived from funds obtained by renting the apartment and the remainder of the house separately or the whole house as one. It is to be understood that should either of my heirs occupy the house, they are to be responsible for the entire upkeep of the property, it being optional with them whether or not they desire to lease the apartment to others as a source of revenue towards such upkeep. It is also to be understood that neither of my heirs is to occupy the house for any set period if by doing so they might prevent the sale in accordance with condition mentioned heretofore. My husband is to have first option on occupying the property solely for his own use or jointly with such of the other heirs and their family as he may so desire. Should my husband not wish to occupy the house or should he die previous to the sale of the property, the question should one arise as to which of the remaining direct heirs is to occupy the house, should any so desire, is to be settled by the result of a majority vote of all the surviving direct heirs."
 * * * * * * * *
"Likewise, I make, constitute and appoint WILLIAM THOMAS BOSTOCK, SR., my son-in-law, to be my executor and trustee of this, my last Will and Testament, to serve without bond and I dispense with the delivery hereof." *Page 390 
No express power to sell the real estate is given in the will to the executor. Such power of sale may however be implied if it is found that the testatrix intended that her estate be converted into money before distribution, and where the implication is clear from the terms of the entire will that some duty has been imposed by the testatrix upon the executor which necessarily carries with it a power of sale in order to enable him to perform such duty. Chandler v. Thompson, 62 N.J. Eq. 723;48 Atl. Rep. 583; Brown v. Fidelity Trust Co., 82 N.J. Eq. 323;87 Atl. Rep. 222; Hill v. Van Sant, 133 N.J. Eq. 133; 30 Atl. Rep. 2d904.
In the instant will there is found a blending of all property, both real and personal, which is bequeathed "in five shares." Full effect could not be given to the testatrix' direction to divide the estate "in five shares" — the real and personal property as a unit — at the time fixed by her for its distribution, unless there was a conversion of the realty. It was the undoubted intention of the testatrix that the division of her estate should be in money shares, and to that end the real estate was to be sold. This view is supported in this state by a number of cases construing similar provisions in wills. Executors ofVanness v. Jacobus, 17 N.J. Eq. 153; Wurts' Ex'rs v. Page,19 N.J. Eq. 365; Haggerty v. Lanterman, 30 N.J. Eq. 37; Belcher
v. Belcher, 38 N.J. Eq. 126; Moore v. Wears, 87 N.J. Eq. 459;100 Atl. Rep. 563; Smith v. Mooney, 139 Atl. Rep. 513.
 Decree in accordance with the foregoing. *Page 391