Laura E. Ryder in her last will admitted to probate October 13th, 1942, by which she appointed Guy M. Ryder and Richard W. Ryder as her executors, provided: "* * * I give and bequeath to my son Guy M. Ryder all my real and personal property * * * for the term of his natural life to maintain the home as it has always been." She then made various bequests of money to her children and grandchildren.
The decedent died seized of premises 712 Parker Street, Newark, which consists of a two and a half story one family dwelling in which she maintained her home during her life-time. She also died seized of premises 253 Broad Street, Newark, New Jersey, covered by a first mortgage of $2,000, for the sale of which premises decedent's executors have *Page 281 
entered into a contract with Mary Catherine Johnson for the sum of $4,000.
Upon the death of Guy M. Ryder, the will provides for the distribution of the corpus of the estate.
The complainants, Guy M. Ryder and Richard W. Ryder as executors of her estate, bring this bill for construction of the will and allege that they are, as such executors, without funds to pay the mortgage on the property 253 Broad Street, Newark, and that the mortgagee has demanded payment of the principal thereof.
The specific questions which complainants raise are as follows:
 I.
Does the complainant Guy M. Ryder have a life estate or an estate in fee-simple in testatrix' realty?
Under the second paragraph of the will, Guy M. Ryder is devised and bequeathed all real and personal property, except that which is expressly excepted for the term of his natural life. The will is not the product of a professional scrivener but the intention of the testatrix is clear that the interest of Guy M. Ryder is expressly limited to an estate for life.
 II.
Do complainants as executors have the power to sell premises number 253 Broad Street, Newark, with the consent and acquiescence of the life tenant, Guy M. Ryder?
The circumstances present with respect to this particular property are such that the court will direct a sale by virtue ofR.S. 3:35-1 wherein it is provided that where real estate is devised to a person for life and is at the time of the taking effect of the devise charged with the payment of or encumbered by a mortgage, and no adequate provision is afforded by the testator's estate for the payment, satisfaction, and discharge of the mortgage and because of which situation the interests of the life tenant and of the estates in remainder *Page 282 
may be injured, impaired or lost, the Chancellor may, upon petition by the fiduciary, and upon notice to interested persons, order such real estate to be sold, and the proceeds of sale used to discharge and satisfy the lien or encumbrance.
 III.
Upon the death of Guy M. Ryder, does the surviving executor, Richard W. Ryder, or the successor executor, United States Trust Company, as the case may be, have the power to sell either or both parcels of testatrix' realty in order to make distribution of her estate as in her will provided?
Notwithstanding that the question propounded is premature since the life tenant is still alive, it will be answered.
In her will the testatrix provides that:
"Upon the death of my son, Guy M. Ryder, after payment of his last illness and funeral expenses, I desire my estate to be distributed as follows: One half to my son Richard W. Ryder: $500 — to Helen G. Ryder: $500 to my grandson Richard M. Ryder; and $2,000 each to Barbara Louise and Robert Guy Ryder, grandchildren and $3,000 and the residue to my granddaughter Janet R. Christie. Should there not remain money enough to carry out these desires, then my executor is empowered to reduce the amount to the two younger grandchildren, Barbara L. and Robert G. but not to reduce the sum left to Janet R. Christie. If on the other hand values increase and then my estate return to its former status or there be considerably more money than its inventory shows to-day then my executor is to increase the sums left to all my grandchildren and distribute the money equally among them.
"If my son Richard W. Ryder, should not survive his brother, then I wish my bank, the United States Trust Co. to act as administrator, and distribute the money as follows: $500 to Helen G. Ryder: $3,000 to each of my three grandchildren, Richard M. Barbara L. and Robert G. Ryder, and $4,000 to Janet R. Christie and the residue. As all of this is based on to-day's low values it may be necessary to reduce the bequests, but not Janet R. Christie's, as she has a family. Should Janet not be living when the time arrives for her to inherit from my estate then whatever she would receive is to be given to her husband S. Henry Christie, Jr., to use as he thinks best for Janet's children." (Italics mine.)
The rule is well established that where no express power to sell lands is given in a will to executors, such power will *Page 283 
not arise by implication, unless the implication is clear from the terms of the entire will, and it is found that some duty has been imposed by the testator upon the executor which necessarily carries with it a power of sale in order to enable him to perform such duty. Chandler v. Thompson, 62 N.J. Eq. 723;48 Atl. Rep. 583; Brown v. Fidelity Trust Co., 82 N.J. Eq. 323;87 Atl. Rep. 222. Upon the death of the life tenant the testatrix in her will expresses her desire that her estate be distributed as therein provided by the payment of various sums of money in bequests which she makes to her children and grandchildren. Her wishes in this respect could not be carried out unless her real estate is converted into cash, and I think it is fairly to be inferred that the testatrix designed that the real estate be sold in order to make the distribution in the sums of money which she mentioned, for she says "Should there not remain money enough to carry out these desires, then my executor is empowered to reduce the amount to the two younger grandchildren * * *. If on the other hand values increase and then my estate return to its former status or there be considerably more money than its inventory shows to-day then my executor is to increase the sums left to all my grandchildren and distribute the money equally among them." That she intended her entire estate to be reduced to money before distribution, cannot therefore be doubted. In the will of testatrix is found a blending of all property, both real and personal, which she upon the death of the life tenant directs to be distributed among her children and grandchildren in money.
Full effect could not be given to the direction of testatrix at the time fixed by her for distribution, unless there was a conversion of the realty. The executor upon the death of the life tenant, it is concluded, is clothed with an implied power to sell the real estate. Support for this conclusion is found in other cases in this jurisdiction construing similar provisions of wills. Executors of Vanness v. Jacobus, 17 N.J. Eq. 153;Haggerty v. Lanterman, 30 N.J. Eq. 37; Smith v. Mooney,5 N.J. Mis. R. 1087; 139 Atl. Rep. 513; Hill v. Van Sant,133 N.J. Eq. 133; 30 Atl. Rep. 2d 904; Bostock v. Dennin,134 N.J. Eq. 388; 36 Atl. Rep. 2d 10. *Page 284 
 IV.
Do the complainants as executors have the duty or power to sell, or exchange, any personalty of the estate of Laura E. Ryder and to invest and reinvest the proceeds?
It is a general rule of law and equity that an executor has an absolute power of disposal over the whole of his testator's personal effects, including such things as are given by way of specific legacy. Hayes v. Hayes, 45 N.J. Eq. 461;17 Atl. Rep. 634.
In the instant case, the executors have the power to sell personal assets of the decedent's estate and they should invest the proceeds of such sale in such investments as are authorized by the law for the investment of estate funds. The will does not authorize the executors to invest the assets of the estate, but these executors, however, are trustees for the residuary legatees. Hunt v. Smith, 58 N.J. Eq. 25; 43 Atl. Rep. 428.
Final distribution of this estate cannot be made until the death of the present life tenant, and the executors would be guilty of a breach of their duty if they failed to make the estate productive, and would deprive the life tenant of income from the estate. Failure on the part of the executors to invest the estate's funds in proper investments would be grounds for the disallowance of commissions to them upon their accounting.McKnight's Executors v. Walsh, 24 N.J. Eq. 498. In Fluck v.Lake, 54 N.J. Eq. 638; 35 Atl. Rep. 643, the administratorpendente lite was held chargeable with interest "because it was to the interest of the estate he managed, that such money, immediately upon its receipt, should have been put where it would have yielded an income."
 V.
Is Guy M. Ryder, or any other person or persons entitled to the income from said estate, and if so how, when and in what amount should it be paid?
Although it is not specifically provided in the will of the testatrix that the income of the estate of testatrix should be *Page 285 
paid to any person, there is no doubt that the entire net income is payable to Guy M. Ryder, the life tenant.
Where the income or use of property is given, the presumption is that the net income or profit is meant, and that the beneficiary must pay out of the gross proceeds all expenses, taxes, and charges against the property. 69 C.J. 387 ¶ 1419.
Here, the life tenant is entitled to only the net income from the estate. The manner of payment thereof to the life tenant by the executors must therefore be left to their discretion.
 VI AND VII.
Is complainant Guy M. Ryder obliged to live at 712 Parker Street, Newark, New Jersey, and maintain "the home as it has always been," or may he and his family vacate said premises and rent the same? If complainant Guy M. Ryder and his family refuse to live in premises at 712 Parker Street, Newark, New Jersey, and rents said premises, what disposition is there to be made of the net proceeds resulting from said rentals?
The principle is well settled that a life tenant who is the holder of a present estate for life in real property is entitled to possession and use of the property. I think the decision inReeve v. Troth, 42 Atl. Rep. 571, is controlling. It was there held that where there is a life estate with no gift over in case the devisee ceases to occupy the devisee can occupy by a tenant.
In the will under construction there is no gift over of the premises 712 Parker Street, Newark, in the event the life tenant, Guy M. Ryder, ceases to occupy it as "the home as it has always been." Applying the rule of construction in Reeve v. Troth,supra, it would appear that the testatrix did not contemplate a personal use of the premises by the life tenant.
The premises are a part of the estate of testatrix, and if the premises are not occupied by Guy M. Ryder and are rented, they should be rented by the executors of the estate and the gross rentals added to the income of testatrix' estate, *Page 286 
and the net income remaining after the payment of all carrying charges upon the testatrix' entire estate is then payable to the life tenant.
Decree in accordance with the foregoing will be entered when presented.