THE STATE v. O'NEIL AND KILLLON.

CRIMINAL PLEADING.—*Indictment.*—*Passing Counterfeit Money*

An indictment for passing counterfeit money which does not charge an intention to defraud, is bad.

The defendant in this case was indicted in the county of Hamilton for passing counterfeit money, was tried, and convicted upon a count in the indictment which stated that the defendants "fraudulently, feloniously, &c., passed counterfeit money to one —— ——" but which omitted to state that the defendants thereby intended to defraud the said —— ——.

On the return of their verdict by the jury the counsel for defendants moved the Circuit Court to arrest the judgment, on the ground of the above omission. The circuit judge accordingly arrested the judgment, where-upon the Attorney General of the judicial circuit appealed to the Supreme Court.

Humphreys, Attorney General, for the State.

Trewhitt, for the defendants.

In this case there was no argument, and no written opinion, the Court deciding, that the circuit judge did right in arresting the judgment; that the indictment should have charged that the passing, &c., was with the intention to defraud the person to whom it was passed.(1)

The action of the Circuit Court was therefore affirmed ;

(1) An indictment for fraudulent possession of countifeit notes under Section 4724 of the Code (Act of 1829, chapter 23, section 33,) need not aver a felonious intent. Perdue v. State, 2 Humph. 494. But it must aver an intent to defraud. Fergus v. State, 6 Yerg. 345 ; Owen v. State, 5 Sneed, 493.

Under Section 5135 of the Code, it is not necessary to aver that the defendant kept the notes with the intent to pass the same. Sizemore v. The State, 3 Head, 26.

but the defendants, on motion of the Attorney General, were sent back to be proceeded against at the option of the Attorney General of the Circuit Court from whence the cause came.

*Judgment affirmed.*