GIRARD. TRUST COMPANY, trustee under the will of Herman Buchborn, deceased,

*v.*

JOSEPH C. CHEESEMAN et al.

[Submitted November 14th, 1921. Determined November 18th. 1921.]

1. Where from the entire will it is clear that a duty has been imposed on a trustee which necessarily carries with it a power of sale, such power will be implied.

2. Under a will devising the residue of testator's estate. both real and personal, to a trustee to "invest and reinvest" and pay the net income to testator's wife and daughter during their lives without provision for distribution by the trustee at the termination of the trust on the death of both beneficiaries, the trustee may sell land for purposes of investment, though the above-named directions usually apply to personal property only.

---

On final hearing on bill for construction of will.

*Messrs. Bleakly & Stockwell*, for the complainant.

*Mr. Wilfred B. Wolcott*, for the defendants.

LEAMING, V. C.

The single question here involved is whether the will of Herman Buchborn, deceased, confers upon the Girard Trust Company, as trustee, a power of sale of certain real property which forms a part of the residuary trust estate.

The sixteenth paragraph of the will provides as follows:

> "*Sixteenth*—All the rest, residue and remainder of my estate, real and personal, of whatsoever nature and wheresoever the same may be I give, devise and bequeath unto the said Girard Trust Company in trust; to invest and reinvest the same; to collect and receive the income thereof and, after the payment of all necessary charges and expenses, to pay the net income derived therefrom in equal shares unto my wife, Mary Buchborn, and my daughter, Katherine Dorothy McKinley, for and during their respective lifetimes."

No other part of the will in any way aids the present inquiry. The residuary estate comprises both real and personal property and the sole duties of the trustee are to be found in the paragraph above quoted. By subsequent clauses of the will the wife and daughter are each given the right to dispose of one-half of the residuary estate by will. At the death of both the trust terminates and no provision is made for distribution by the trustee at the termination of the trust. The situation thus presented confines the inquiry to the single question whether this direction of the testator for the trustee "to invest and reinvest" a residuary estate which is composed of both real and personal property will be understood as including by implication a power of sale of the residuary real estate in the absence of any other provision of the will to aid in the ascertainment of testator's intent in that respect.

Research of counsel has discovered no adjudication where the answer to this precise question has been made the basis of decision.

The text of *39 Cyc. 351, tit. "Implied Powers,"* is to the general effect that a power of sale will be implied from the power and duty "to invest and reinvest;" but the several cases there cited in support of the text will be found to have determined the force of the words "to invest and reinvest" or "to invest and manage," when applied to real estate, in connection with other

provisions of wills in aid of the conclusions reached. Thus in *Robinson* v. *Robinson, 105 Me. 68,* there cited, the court said: "It would seem that the words 'to invest and manage' properly import and imply a power of sale, unless a contrary intention on the part of the testator can be found in the will taken as a whole. There are other considerations, however, which lead to the belief that a power of sale was intended by the testatrix." Other provisions of the will are then pointed out which indicated that a power of sale of the real estate was intended to be conferred upon the executors. In *Sargent* v. *Sibley, 8 Ohio Dec. Reprint 434,* another case cited in support of that part of the text above referred to, the language of the will which was deemed to include by implication a power to sell was materially broader than the language used in the text above cited; and in *Purdie* v. *Whitney (Mass.), 20 Pick. 25,* the other case there cited, a portion of the principal of the trust estate was required to be paid over annually.

In *32 Lawy. Rep. Ann. (N. S.) 676,* an extended and valuable note undertakes a classification of the various cases dealing with power to sell conferred upon executors or trustees by implication arising from the force of various expressions found in wills and trust deeds; but no case appears to have arisen in which the force to be given to the direction to "invest" or "invest and reinvest" has been judicially ascertained when referable to real estate and when unaided by any other provisions of the instrument.

In this state it has long been an established rule of construction of wills that where from the terms of the entire will it is clear that some duty has been imposed by testator upon an executor or trustee which necessarily carries with it a power of sale in order to enable him to perform the duty, a power of sale will be understood to have been given by implication. *Lindley* v. *O'Reilly, 50 N. J. Law 636, 649.* And in *Chandler* v. *Thompson, 62 N. J. Eq. 723,* it is pointed out by the same court that the right to exercise such power of sale by implication has been rigidly restricted to those instances in which it is necessary in order to carry out the purposes of testator's will, and that the

implication must be clear from the terms of the entire will. In that case the executrix was directed by the fourth clause of the will to hold and manage the property during the minority of the *cestui qui trust* and to keep it safely invested, &c. But owing to the circumstance that this clause of the will prescribing that duty was found to relate only to personal property it was not determined what force would have been given to those directions of testatrix had the clause been held to refer to both real and personal property.

In *Belcher* v. *Belcher, 38 N. J. Eq. 126,* Chancellor Runyon, in referring to the terms of the testamentary trust there under consideration, which included both real and personal property, among other things, said: "The direction to pay the son's shares implies a direction to convert, and so of the direction to pay the income of the daughter's shares; it implies a direction to invest, which involves the necessity of converting the land."

In *Cook* v. *Cook* (*New Jersey Chancery*), *47 Atl. Rep. 732,* Vice-Chancellor Reed, in referring to the language "to hold and invest," as used in the trust then before him, which related to both real and personal property, said: "The terms 'to hold and invest' are applicable to personal property, and the use of these terms in respect to this blended property indicates that it was all to be converted." But the implied power of sale of real estate, there ascertained to exist, was in part based upon the duties imposed upon the executors to pay over portions of the estate in a manner indicating that the real estate was to be converted. While the language above quoted from the opinions filed in the two cases last cited may be said to be *obiter*, it clearly indicates that in the opinion of these two learned jurists the duty to "invest" when directed to blended real and personal property includes the power to sell the real estate.

In the present case it will be observed that the personal and real property comprising the residuary estate are bequeathed and devised to the Girard Trust Company in trust during the period that the survivor of the testator's wife and daughter should live, and that the duty is imposed upon the trustee "to invest and reinvest the same" and to pay the net income as di-

rected. It may be appropriately said that the direction for trustee to "invest and reinvest" is used more commonly and more appropriately with reference to personal property; when so used it can only be understood to include the power to sell for purposes of investment of the proceeds of sale, but when that duty is imposed upon a trustee with reference to real estate, can it be reasonably said that the duty so imposed is restricted to the duty to merely manage the real estate and collect its revenues? A direction to invest real estate in government bonds would be obviously a direction to sell the real estate and invest the proceeds of sale in government bonds, and a general direction to a trustee on whom a fee is conferred "to invest and reinvest" certain real estate would seem to be only appropriately understood to include the power to sell the real estate for purposes of investment of the proceeds of sale. But where, as here, the duty imposed upon the trustee "to invest and reinvest" is directed to blended real and personal property, it seems impossible to give one meaning to the language so used as to the personal property and a wholly different meaning and force as to the real estate.

A decree will be advised declaratory of the powers of the trustee to sell residuary real estate for purposes of investment of the proceeds of sale.