HENRY METZGER, trustee, complainant,

*v.*

WILLIAM METZGER et al., defendants.

[Determined June 23d, 1924.]

**Wills—Construction—Execution of Trust Requiring an Estate in Lands or Power of Sale, Executor Will Take Necessary Power.**

On bill for construction of will.

*Messrs. Bolte, Sooy & Gill,* for the complainant.

*Mr. Clarence E. Knauer,* for the defendants.

INGERSOLL, V. C.

This is on bill for construction of will of Reinhardt Metzger, who died July 13th, 1905. The will was filed for probate in Philadelphia, Pennsylvania, on July 19th, 1905. An exemplified copy thereof was filed in the office of the surrogate of Gloucester county, on February 9th, 1923.

The prayer is for the construction of the following clause:

"I give, devise and bequeath the one full equal one seventh interest, part or share thereof unto my said sons, Henry Metzger and William Metzger and the survivor of them in trust nevertheless for the following uses and purposes to invest the same in real estate or in good and safe securities as my said Trustee may deem wise and

39

proper, and to pay the net income realized therefrom simi-annually unto my said daughter, Mary Harrer [intermarried with Anthony Harrer] for and during the term of her natural life and at her death. I give, devise and bequeath the principal sum so held in trust unto her lawful issue absolutely and forever. In case my said daughter, Mary, shall leave no lawful issue, then in that event, I order and direct said principal sum shall revert to and become a part of my residuary estate."

The clause is repeated several times, with change of name of beneficiaries.

. A consideration of the entire will is necessary in the consideration of the present inquiry.

After directing the payment of his debts and the burial of his body, and the disposition of his jewelry and household goods, and the payment monthly of a small sum to a beneficiary, items sixth, seventh and eighth of said will reads as follows:

"*Item Sixth.* I order and direct that my said Executors to sell and dispose of and convey into money all my personal property not hereinbefore disposed of, within one year after my decease, and the money so realized therefrom together with all money I may have on deposit or otherwise, as well as such money as shall be paid to my estate on account of my Life Insurance policies after first however deducting therefrom all costs and expenses incurred in settling up the affairs of my estate and otherwise, and also deducting therefrom such sum of money as my said wife, Mary Metzger, may need if any, to enable her to maintain and keep my home open, if she shall desire to so do, my said wife herself shall name the amount which in her judgment she shall require and her action therein shall be final.

"And the balance so remaining after making the deductions as aforesaid, I dispose of in the following manner, that is to say: I give, devise and bequeath the same in equal shares, share and share alike, unto by seven children to wit:—Mary Harrer [intermarried with Anthony Harrer] Emma Haenel [intermarried with Harry Haenel] Othillie Troutwein [intermarried with Frederick Troutwein] Louisa Koch [intermarried with Otto Koch] William Metzger Henry Metzger, and Howard Metzger absolutely and forever.

"In case any of my said children shall not then be living, but shall leave lawful issue him, her of them surviving, then in that event, such lawful issue shall take and receive such share which his, her or their parent would have taken if living. If such deceased child shall leave no lawful issue him, her or them surviving then in that event I order and direct that such share shall revert to and become a part of my estate.

Court of Chancery—Metzger v. Metzger.

"*Item Seventh.* All the rest, residue and remainder of my estate, real, personal and mixed whatsoever and wheresoever the same may be at the time of my decease and to which I may be entitled, not hereinbefore disposed of, I give, devise and bequeath the same unto my two sons, the said William Metzger and Henry Metzger and the survivor of them in trust nevertheless for the following uses and purposes that is to say:

"To collect, receive and receipt for all rents, issues and profits issuing thereout and therefrom: to keep my real estate in good and tenantable condition: to pay all taxes, water rent and repairs and other proper charges that may be assessed or levied against the same.

"And all the net income, rents and profits so collected and received as afforesaid I order and direct the same be paid over quarterly unto my said wife, Mary Metzger, for and during the term of natural life.

"*Item Eighth.* And from and after the death of my said wife, Mary Metzger, I order and direct that my said Trust Estate shall continue to be held in trust as aforesaid for a further period of ten years and at the expiration of said term of ten years said trust shall cease, terminate and end.

"All the net income, rents and profits received and collected therefrom I order and direct that the same be paid over at the end of each year in equal shares, share and share alike unto my said seven children hereinbefore named.

"In case any of my said children shall not be living at the time when said yearly payment or any of them shall be made but shall leave lawful issue them surviving such lawful issue shall take and receive the share which his, her or their parent would have taken if living. In case such decease child shall leave no issue him, her or them surviving in that event such share shall revert to and become part of my residuary estate as aforesaid."

Item ninth, in part, is as follows:

"And from and immediately upon the expiration of said term of ten years I order and direct that my said Estate so held in trust as aforesaid shall be finally wound up and divided into seven equal parts or shares which I dispose of in the following manner, that is to say:

"I give, devise and bequeath the one full equal one seventh interest, part or share thereof unto my said son, William Metzger, his heirs and assigns in fee absolutely and forever.

"I give, devise and bequeath the one full equal one seventh interest, part or share thereof unto my son, Henry Metzger, his heirs and assigns in fee absolutely and forever.

"I give, devise and bequeath the one full equal one seventh interest, part or share thereof unto my said son, Howard Metzger, his heirs and assigns in fee absolutely and forever."

Then follows the clause we are asked to construe, and its repetition.

William Metzger, one of the trustees named in the will, has resigned, and the complainant, Henry Metzger, is the sole acting trustee.

Mary Metzger, the widow of the decedent, died November 5th, 1912.

At the time of his death the decedent was seized of certain real estate in New Jersey, the title of which is still in the trustee.

Mr. Justice Depue, speaking for the court of errors and appeals in *Lindley* v. *O'Reilly, 50 N. J. Law 636:*

"Where a testator, in the disposition of his estate, imposes on his executor a trust to be executed or duties to be performed, which require for their execution or performance an estate in his lands or a power of sale, the executor will take by implication such an estate or power as will enable him to execute the trusts or perform the duties devolved upon him. This case is followed by Vice-Chancellor Reed in *Cook* v. *Cook, 47 Atl. Rep. 732,* and cites *Haggerly* v. *Lanterman, 30 N. J. Eq. 37.*

The court of errors and appeals in *Chandler* v. *Thompson, 62 N. J. Eq. 723* (on *p. 726*), quoted *Haggerty* v. *Lanterman, supra,* "that if a testator, having a right to dispose of his real estate, directs that to be done by his executor, which necessarily implies that the estate is first to be sold, a power is given by this implication to the executor to make such sale and execute the requisite deeds of conveyance," and stated "this I understand to be in harmony with the rule adopted in other jurisdictions, that if a sale of the real estate is necessary to carry out the purposes of the testator, the power to make the sale will be given by implication, as otherwise the intention of the testator might be defeated."

In *Chandler* v. *Thompson, supra,* the power of sale was denied, but for reasons not existing in the present case.

*Girard Trust Co.* v. *Cheeseman, 115 Atl. Rep. 745,* also follows the same reasoning.

A decree will be advised declarative of the powers of the trustee to sell the real estate for purposes of distribution or investment of the proceeds.