This is a suit for the specific performance of a contract which the parties made for the sale and purchase of certain real estate on High street, in Perth Amboy, of which complainant's testatrix died seized on August 3d 1922. *Page 536 
The case has been submitted on the pleadings and an agreed state of facts, and from these it appears that the only question in controversy is the right and authority of complainant, as executor and trustee, to make a valid sale and conveyance of decedent's real estate.
It is admitted that decedent died testate, seized of the premises in question, which constitutes her entire estate; that these lands are subject to mortgages amounting to $5,000; that the premises are unrented and unoccupied; that the estate has no income from which the interest, taxes and other fixed charges can be paid.
It is further admitted that the will has been admitted to probate and that complainant has duly qualified and is acting as the executor of and trustee under it, and that as such he made the contract in question with the defendants.
Defendants refuse to perform the contract, claiming that complainant, under the will, is without the power and authority, express or implied, to sell testator's lands and to give a good title thereto.
The will first directs the payment of the debts and funeral expenses of the testatrix, and it then reads:
"Third. I give, devise, bequeath and appoint all the property and estate, real and personal, of whatsoever nature and wheresoever situate, of which I may die seized or possessed or to which I shall then be entitled or over which I shall then have any power of appointment, unto my trustee hereinafter named, IN TRUST NEVERTHELESS, to apply the income, together with so much of the principal thereof as my said trustee shall in his uncontrolled discretion see fit, for the support, maintenance and education of my beloved niece, Eleanor Steele, of the City, County and State of New York, until my said niece shall reach the age of twenty-one years, and at that time to pay the remaining principal and income of my said estate to my said niece, her heirs, executors, administrators and assigns, to be here absolutely and forever."
By the fourth item of the will, complainant is appointed executor and trustee without bond or other security.
It will be noted that by the third clause of the will the entire estate, after the payment of debts and funeral expenses, is bequeathed and devised to the trustee; that the trustee is therein directed, in the performance of his trust, *Page 537 
to perform certain specific duties, viz.: He is to apply the income, from the estate bequeathed and devised to him, together with so much of the principal as he sees fit "in his uncontrolled discretion," to the support, maintenance and education of the niece of testatrix, until she reaches the age of twenty-one years, and at that time he is to pay to her the remaining principal and income of the estate.
In the present condition of the estate there is neither income nor principal which the trustee can use, or apply, as the testatrix has directed. It may be that the premises can be rented and sufficient income be obtained therefrom, not only to pay the interest, taxes and other fixed charges, but also to support, maintain and educate testatrix's niece; but if the income should not be sufficient for all of these purposes, then, in the absence of a sale of the real estate, there is no principal of the estate to which the trustee can resort, as testatrix has directed, and which may be used and applied by him, in connection with this possible net income, to the support, maintenance and education of testatrix's niece.
To obtain the principal of the estate for such purposes, the real estate must be sold, as there is no other property in the estate.
If the real estate is not sold to produce a principal of the estate to which the trustee may resort, and if the net income proves insufficient, as it is admitted it will, to support and educate testatrix's niece, then the intentions and purposes of the testatrix as expressed in her will must be defeated.
To avoid the result, and to give effect to the intentions and directions of the testatrix as expressed in her will, there must, of necessity, be found in the will an implied power and authority to her executor and trustee to make a valid and effectual sale and conveyance of her lands.
Authority for finding an implied power of sale under the circumstances present in this case, is found in the rule stated in the controlling case of Chandler v. Thompson, 62 N.J. Eq. 723,
where the court of errors and appeals held that:
"Where no express power to sell lands is given in a will to the executor, such power will not arise by implication, unless *Page 538 
the implication is clear from the terms of the entire will, and it must be found that some duty has been imposed by the testator upon the executor which necessarily carries with it a power of sale in order to enable him to perform the duty." See, also,Lindley v. O'Reilly, 50 N.J. Law 649.
As such a duty has been imposed by the testatrix upon her executor and trustee, it follows that he has an implied power of sale of her lands in order to enable him to perform this duty.
A decree will therefore be advised for complainant.