MARCELI SLOMKOWSKI AND STANISLAWA SLOMKOW-SKI, HIS WIFE, RESPONDENTS, v. SAMUEL LEVITAS AND FANNIE LEVITAS, HIS WIFE, APPELLANTS.

Submitted January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the appellants, *Corn & Silverman.*

For the respondents, *Haines & Chanalis.*

PER CURIAM.

The appeal in this case is by the defendants from a sum-
mary judgment entered against them in the Essex Circuit
Court upon the defendants' answers being stricken out. The
action was to recover a deposit made by the plaintiffs upon
an agreement for the purchase of a piece of real estate, to-
gether with search fees incurred in examination of the title.

The complaint set up that the contract of sale was to con-
vey by deed of warranty free from encumbrances except as
therein mentioned, and that the buildings were wholly within
the described premises; that on the contrary there was a
defect in the title by reason of an insufficient power given
to an executor and trustee in a will under which title was
derived; that there was an encroachment of the building
line of the public highway of three and one-half feet. It
further alleged that the plaintiffs demanded the rescission
of the contract and the repayment of the moneys due them.

To this complaint an answer was filed alleging that the de-
fendants had tendered a good title and were always ready
and willing to convey such a title, but that the plaintiffs were
not ready to perform their part of the contract; further,
that the only reason for refusal to accept title as given by
the plaintiffs was the alleged defect in title. Affidavits were
taken on a motion to strike out the answer, those of the
plaintiffs exhibiting a survey of the premises showing the
encroachment, and a will under which title was derived
which it was alleged failed to confer a power of sale on
the trustee; the defendants' affidavits were directed to show-
ing that the encroachment was waived, that the only trouble
with the title was in the power in the will, and that this
was not substantial.

The affidavits do not substaniate the defendants' claim of waiver. The affidavit relied on is that of one Chanalis, a member of the bar, who annexes to his affidavit testimony of one Silverman as given in a former proceeding in the Court of Chancery and who there testified as to a conversation between the plaintiff Marceli Slomkowski and himself, in which they talked about the difficulty in the title. Assuming that this was evidential for the court's consideration, and that it was binding on Marceli's wife, also party to the agreement, it did not constitute a waiver of the encroachment. While Marceli only mentioned the defective title and said he did not know of any other trouble, this was far from a waiver. The matter was in the hands of his attorney, and it is quite apparent that he was mentioning only the things his lawyers had so far mentioned.

We think also it is more than doubtful if a power of sale was conferred on the husband of the testator in the will mentioned. A naked trusteeship is given for the testator's children and grandchildren to be administered by him. No power of sale is expressly given nor do we think one was conferred by implication.

The answer was properly stricken out and the judgment is affirmed, with costs.