MARCELI SLOMKOWSKI ET UX., RESPONDENTS, v. SAMUEL LEVITAS ET UX., APPELLANTS.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellants, *Joseph J. Corn.*

For the respondents, *Michael N. Chanalis.*

Per Curiam.

The facts in the case are sufficiently set out in the *per curiam* opinion of the Supreme Court.   We incline to agree that the defense of waiver with respect to the encroachment of the stoop on the street was not made out: but be that as it may, the question of the power of the trustee to make the deed admitted on the record as part of the chain of title, was a serious one, and to be settled probably only by litigation to which the trustee and *cestuis* should be parties, and not in a suit between a vendor claiming under the trustee, and

his vendees. This difficulty alone made the title unmarketable to such an extent as to support an action at law to recover back the purchase price. *Eisler* v. *Halperin,* 89 *N. J. L.* 278. It is needless to go further into the question of power in the trustee, particualrly as the proper parties are not before us. Vendees were justified in rejecting the deed tendered them, and were entitled to demand their money back without further ado.

This, we think, disposes of all the substantial points made. The verification of the cause of action was sufficient. The award, in the rule for judgment, of a $10 counsel fee was wrong, but as the case does not show that this was included in the taxed costs and it does not appear as an item in the judgment, it is not properly before us. At best, it should not lead to a reversal, but perhaps to a reduction of the judgment like an overcharge of interest. *Bloom* v. *Kuemmerle Co.,* 104 *N. J. L.* 549; *Roth* v. *Casualty Co.,* 106 *Id.* 516.

The judgment will be affirmed

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 11.

*For reversal*—None.