The bill is filed to compel the specific performance of a contract between the parties entered into on October 2d 1939, for the sale of certain lands in the city of New Brunswick, this state.
The complainants are the executors of the last will and testament of George H. Metzger, who died seized of said lands on April 28th, 1937, and whose will was duly probated by the surrogate of Middlesex county on May 10th, 1937.
The defendant maintains that although he is ready and willing to specifically perform his contract to purchase the premises that complainants are without power under the will of the decedent to convey said lands; that complainants cannot give defendant a marketable title to the property.
Under the will of George H. Metzger, deceased, title is not vested in his executors nor does the decedent by his will confer upon them a power of sale.
Complainants, however, contend that they have an implied power to sell the real estate, and I am of opinion that this is so.
In Chandler v. Thompson, 62 N.J. Eq. 723; 48 Atl. Rep. 583,
the rule is stated to be "Where no express power to sell lands is given in a will to the executor, such power will not arise by implication, unless the implication is clear from the terms of the entire will, and it must be found that some duty has been imposed by the testator upon the executor, which necessarily carries with it a power of sale, in order to *Page 517 
enable him to perform the duty." Barr v. Booz, 96 N.J. Eq. 535; 125 Atl. Rep. 567; Schlosstein v. Henry R. Worthington,113 Atl. Rep. 610.
In an earlier case Lindley v. O'Reilly, 50 N.J. Law 636;15 Atl. Rep. 379, the court of errors and appeals quoted with approval the language of Chief-Justice Shaw in Going v. Emery,16 Pick. 107, 112, "If a testator, having a right to dispose of his real estate, directs that should be done by his executor which necessarily implies that the estate is first to be sold, a power is given by this implication to the executor to make such sale and execute the requisite deed of conveyance."
In the instant case the testator after directing the payment of his debts and funeral expenses provided for a number of bequests aggregating $6,700. It is stipulated by the parties that his personal estate after the payment of debts does not exceed $2,000.
By his will he provides:
"Eighth: In the event that my estate shall not be sufficient to pay the foregoing bequests, I direct that they shall all abate proportionately.
"Ninth: If, after the payment of all my just debts and the charges of administering my said estate, including any inheritance taxes, and the payments of any bequests, hereinbefore made, there shall remain in the hands of my executors the sum of Five hundred dollars ($500.00) or less, I give and bequeath the same to my brother, John Robert Metzger, in addition to the five hundred dollars ($500.00) bequeathed him by the sixth paragraph of this my last will.
"Tenth: If, after the payment of all my just debts and the charges of administering my said estate, including any inheritance taxes, and the payment of the bequests hereinbefore made, I give and bequeath such rest, residue and remainder to my two nephews, John R. Metzger, Jr., and George H. Degraw and my niece, Ruth E. Gulick, to be equally divided among them, share and share alike."
The testator made no distinction in his will between his real and personal property. He made no reference to either. The effect of his will is a blending together of both, under the designation "my estate." In the ninth and tenth paragraphs of his will he provided that "if" there remained in his estate any balance after the payment of his debts, administration charges, inheritance taxes and all bequests, the executors were to pay $500 additional to his brother, and the rest, *Page 518 
residue and remainder to John R. Metzger, Jr., George H. Degraw and Ruth E. Gulick.
The gift of the residue is contingent upon there being a balance in the estate. There is no indication in the will of an intention that the real estate pass in specie by the residuary clause. On the contrary the testator used the language "I give and bequeath" which words are appropriate to pass personalty, and the absence of the word devise properly and commonly used in wills to pass title to real estate is significant. Further, the testator anticipated the probability of insufficient assets to pay the bequests in full, when he provided in the eighth paragraph for proportionate abatement of legacies. I think it entirely clear from the will that it was the testator's intention that his whole estate be first converted into money with which the executors were to pay the bequests.
To enable the executors to give effect to the apparent intention and purpose of the testator, all powers necessary and indispensable will, if possible, be implied, including a power of sale of the real estate, and as it is clear from the terms of the will that the executors cannot perform their duties thereunder without power to convert the real estate into money, it follows that a power to sell the lands must necessarily be implied under the circumstances.