The complainant, Amanda Noren, is the executrix named and who qualified under the will of Betty Carlson. The bill of complaint requests construction of the will and advice in two respects: (1) the nature of the estate given thereunder to complainant, and (2) whether complainant as executrix was given power to sell real property. *Page 279 
Aside from the real property mentioned in her will which was of the value of about $6,000 encumbered by a mortgage upon which the balance due was $427.59, the personal property of the deceased at the time of the making of her will did not exceed the sum of $200. At the time of her death her personal estate amounted to $929.04.
Betty Carlson died June 14th, 1943. Her will is dated July 3d 1924. She left her surviving Amanda Noren, the complainant, and two nieces, Florence Noren Sillitoe and Roseline Noren Garrison, and a nephew, Carl A. Noren, children of complainant. Johan Alfred Peterson and Carl Oscar Peterson, also known as Carl Oscar Mattson, brothers of the testatrix, who are named in the will, predeceased the testatrix. The husband of the complainant referred to in the will is living. The facts are stipulated.
The will provides:
"Second: I give and devise my lot together with my three story building and appurtenances that is known as number Six Aubrey Street, in the City of Summit in the County of Union and State of New Jersey, hereinafter called my estate, to my beloved sister, Amanda Noren, for and during her natural life; and (1) after her signing, sealing and delivering a Deed to convey my said estate I give and devise my said estate unto her, her heirs and her assigns forever; or (2) after her husband's decease I give and devise my said estate unto her, her heirs, and her assigns forever; or (3) after the decease of my said sister Amanda Noren I give and devise my said estate unto such child or children as my said sister Amanda Noren shall leave or have living at the time at the time of her own decease, and to their heirs and their assigns forever, and the representatives of any deceased child shall have the share of his or her parent; subject (a) to the payment of the sum of One Thousand ($1,000.00) Dollars to my beloved brother, Johan Alfred Peterson who lives at the time of the execution of this will at Vegagatan 10, Gothenburg, Sweden; and (b) subject to the payment of the sum of a second One Thousand ($1,000.00) Dollars to my beloved brother, Carl Oscar Peterson, who calls himself at the time of the execution of this will, Carl Oscar Mattson and lives at Nordangen, Vesterlanda, Sweden. The word, Vesterlanda, in the last line of the first page should be followed by the word, Socken. These two payments amounting to Two Thousand ($2,000.00) Dollars shall be paid in three months after my decease. I make the said premises liable for the said Two Thousand ($2,000.00) Dollars: and said premises shall be sold to raise the said sums, in case my said beloved sister, Amanda Noren, shall not pay the same as aforesaid. *Page 280 
 "Third: I do give, devise, and bequeath all the residue of my estate, real and personal, to my Nieces, Roseline Noren, Florence Noren, and to my Nephew, Carl Noren, the children of my said beloved sister, Amanda Noren, and to the other children of my beloved sister Amanda Noren to be equally divided between them. The representatives of any deceased child shall have the share of his or her parent.
"Fourth: I do hereby constitute my said beloved sister, Amanda Noren, the executrix of this my last will and testament, revoking all former wills by me made."
 I.
That complainant by the will was given an estate for life in the property 6 Aubrey Street seems clear not only from express language to that effect in the will but also by subdivision (3) thereof where testatrix limits the time of complainant's enjoyment of the estate given her when she says that "after the decease of my said sister Amanda Noren" the estate is to go to the children of Amanda Noren and the representatives of any deceased child, subject to the payment of certain specific bequests to each of her brothers, and by the further provisions in article three by which the residue or balance of the estate is given to the nieces and nephew therein mentioned. Downey v.Borden, 36 N.J. Law 460, 466; Pratt v. Douglas, 38 N.J. Eq. 516,535; Aspinwall v. Aspinwall, 53 N.J. Eq. 684;33 Atl. Rep. 470; Gaston v. Ford, 99 N.J. Eq. 592, 594; 133 Atl. Rep. 531.
From the stipulation of facts it appears that the children of Amanda Noren are Florence Noren Sillitoe, Roseline Noren Garrison and Carl A. Noren. Under the will the rest, residue and remainder of testatrix' estate upon the death of Amanda Noren is bequeathed to her mentioned children and the representatives of any deceased child will take the share of his or her parent.
 II.
Although no express power was given complainant as executrix to sell the property on Aubrey Street, I gather from the provisions in her will, her circumstances at the time of the *Page 281 
execution of the will, and the direction therein that the $2,000 which she bequeathed to her brothers "shall be paid in three months after my decease * * * and said premises shall be sold to raise the said sums" if complainant does not pay the same, that it was not only the testatrix' intention that the property be sold, but that such power to sell must be implied in order that the executrix may carry into effect the direction of her will.
In order to determine the intent of the testatrix such intent is to be gathered from the whole document read in the light of testatrix' situation at the time of its execution, and the predominant idea of testatrix' mind, if apparent, will be favored as against doubtful and conflicting provisions which might of themselves defeat it. Peer v. Jenkins, 102 N.J. Eq. 235;140 Atl. Rep. 413. In this state it is an established rule of construction of wills that where from the terms of the entire will it is clear that some duty has been imposed by testator upon an executor which necessarily carries with it a power of sale in order to enable him to perform that duty, a power of sale will be understood to have been given by implication. Girard Trust Co.
v. Cheeseman, 93 N.J. Eq. 266; 115 Atl. Rep. 745; Hill v.VanSant, 133 N.J. Eq. 133; 30 Atl. Rep. 2d 904.
Viewed in the light of the foregoing, and applying the mentioned rule, I am unable to conclude other than that by the will the executrix is possessed of implied power of sale.
Decree will be advised in accordance with the foregoing conclusions. *Page 282