Bertrond A. Weber et al., complainants-respondents,

*v.*

Margaret A. Beales, defendant-appellant, Frank Parker and Nora Parker, defendants-respondents.

[Submitted May 20th, 1947. Decided September 25th, 1947.]

*Mr. Sebastian Gaeta,* for the complainants-appellees.

*Messrs. Major & Carlsen,* for the defendant-appellant, Margaret A. Beales.

*Messrs. Winne & Banta,* for the defendants-respondents, Frank Parker and Nora Parker.

The opinion of the court was delivered by

Burling, J.

The complainants-respondents, Bertrond A. Weber, executor of the last will and testament of Isaac B. Beales, deceased, and Ruth M. Brower and Warren A. Brower, her husband, filed their bill of complaint seeking the construction of the

last will and testament of Isaac B. Beales, deceased, alleging there existed an implied power of sale in the executor to sell and convey lands and premises hereinafter referred to. There was a second cause of action in the bill of complaint seeking partition of the lands and premises if the court should construe otherwise.

The Vice-Chancellor based his opinion upon his finding that there was a memorandum made by the testator from which he spelled a valid contract to sell to the defendant-respondent Frank Parker and that there arose from such special circumstances the power to sell by implication. While we concur in the result, we prefer to rest our opinion upon a different basis, namely that in the construction of the will of the decedent, to give effect to the apparent intention and purpose of the testator, there arises an implied power of sale in the executor to sell and convey the premises hereinafter referred to. In the bill of complaint no mention was made of the action of the decedent with respect to the premises and the prayer for relief was based upon the allegation of an implied power of sale in the executor by means of construction of the will.

In *Haggerty* v. *Lanterman* (*Court of Chancery, 1878*), *30 N. J. Eq. 37,* Chancellor Runyon cited language which is also true here, from the opinion of Chief-Justice Shaw in *Going* v. *Emery, 16 Pick. 107,* as follows:

"The will is certainly very inartificially drawn, but this circumstance is never held to affect the validity of a will when the meaning of any particular clause, expounded by a consideration of all other parts of the will, can be ascertained with reasonable accuracy."

The decedent died testate on October 14th, 1944. His will was duly probated and the executor therein named, Bertrond A. Weber, qualified and letters testamentary were issued to him. The will was an ineptly drawn instrument. By its provisions, after certain cash and miscellaneous bequests, it was provided as follows:

"My furniture and personal property to be divided equally between my two daughters Ruth M. Brower and Margaret A. Beales, or sold and the proceeds derived divided equally between them."

"The property at 356 Harrison Ave. Hasbrouck Hts.N.J. to be sold and the proceeds derived, divided equally between my daughters Ruth M. Brower and Margaret A. Beales."

The testator left as his next of kin, complainant-respondent, Ruth M. Brower, who is married to Warren A. Brower, complainant-respondent, and Martha A. Beales, single woman, the defendant-appellant. There is no other disposition of this real estate or any other mention made of it in the will.

The executor entered into a written contract for the sale of the property to Frank Parker for the sum of $5,000. At the time of the death of the testator the defendants-respondents, Frank Parker and Nora Parker, his wife, occupied the property upon a verbal monthly tenancy at a rental of $50 per month. For six years prior to his death, testator had been living with the said Frank Parker and Nora Parker. Subsequent to the execution of the contract for sale by the executor, the vendee applied for an examination of the title to the premises by a title company and for title insurance. To provide this the title company called for a deed from the executor but insisted that it be joined in by the two daughters and the husband of Ruth M. Brower. Ruth M. Brower and her husband, Warren A. Brower, agreed to do so but the defendant-appellant, Martha A. Beales, refused. This action resulted in the filing of the bill of complaint.

In the will before the court, there is a direction that the real estate shall be sold and the proceeds of the sale divided. The paragraph containing that instruction does not expressly state that this duty was to be performed by the executor. In *134 A. L. R. 378,* the subject is extensively annotated. There are found the many diversifications of the subject and copious citations, and the applicable rule is stated (at *p. 384*), thus:

"In the absence of an express devise, an executor named in a will which either expressly or impliedly directs real property to be sold, without expressly stating by whom such sale shall be made, by necessary implication has power to sell and convey the real estate."

In *Haggerty* v. *Lanterman, supra,* it was held that a power of sale of real estate vested in an executor because of the necessity of making a conversion of the real estate into cash

for the purpose of dividing the proceeds and stated (at *p. 38*):

"Where a testator directed that his real and personal estate be sold and divided amongst his sisters, a power to the executor to sell the real estate was implied. *Tylden v. Hyde, 2 S. & S. 238.* The better opinion at present seems to be, says Judge Redfield, that the mere fact that the avails of real estate, after it is converted into money, is directed to go in such a direction that it will have to pass through the hands of the executor in the form of money, will, by implication give a power of sale."

And further (at *p. 39*):

"If the executor is directed by the will, *or bound by law,* to see to the application of the proceeds of the sale, or if the proceeds in the disposition of them are mixed up and blended with the personalty which it is the duty of the executor to dispose of and pay over, then a power of sale is conferred on the executor by implication." (Italics supplied.)

The rule is laid down in the leading case of *Chandler v. Thompson (Court of Errors, 1900), 62 N. J. Eq. 723* (at *p. 727*), as follows:

"The consideration of the question submitted by this appeal must be approached upon the assumption that the rule of interpretation is that the implication must be clear from the terms of the entire will, and it must be found that some duty has been imposed by the testator upon the executor which necessarily carries with it a power of sale in order to enable him to perform the duty. This rule is supported by the great weight of authority. *Lindley v. O'Reilly, 21 Vr. 649.*"

The testator's will makes a number of small bequests and thereafter it evinced a very definite plan of disposition, viz.:

(a) The personal property to his daughters equally, or the proceeds of its sale, if sold, to them equally.

(b) The proceeds of the sale of the real estate to them equally.

(c) The residuary estate to them equally.

In every case the daughters are mere recipients. There is no suggestion of any active duty to be performed by them. In every one of these instances, the executor is, of necessity,

the only person to make such divisions or distribution. There is no one else mentioned to make such a sale and to divide the proceeds between the persons named. This power and authority under the will could not be exercised by the two daughters, since the testator did not devise the property to them. No one else could, under the testator's plan, bring about the result desired by him, except the executor. It was not intended that either daughter was to have the power to sell the real estate. It was not devised to them, nor any language used to indicate an intention to carry his real estate *in specie* to his children. Each had the right to receive one-half of the proceeds after the sale took place. In order to produce "proceeds" there had to be a sale. There was a direction to sell. It follows that the executor had to sell to perform this duty. This he did.

We hold that there is an implied power of sale by the executor. There can be no partition to carry out the direction of the testator where there is a power of sale, since the sole interest of any of the beneficiaries would be to a share in the proceeds and would be, at least, in equity no tenancy in common as a devise. The direction to sell the lands and divide the proceeds constitutes an equitable conversion of the realty into personal property. *Braun* v. *Muller* (*Court of Chancery, 1942*), *132 N. J. Eq. 56* (at *p. 58*).

We concur in the result and the cause is remitted to the Court of Chancery with a direction to revise the form of the decree with appropriate recitals to conform with this opinion.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.

*For reversal*—None.