The inquiry to be answered in the present cause is whether the last will and testament of one Frank Hammell which was admitted to probate by the surrogate of the County of Mercer on December 3d 1942, confers upon the complainant, his executrix and trustee, a power of sale of certain real property which formed a portion of the residuary trust estate.
The fourth and fifth articles of the decedent's will are particularly pertinent and significant.
"Fourth: I give, devise and bequeath all of the rest, residue and remainder of my Estate, both real and personal, of whatsoever kind or description, and wheresoever found, of which I may die seized or be in any way entitled at the time of my death to my executrices and trustees hereinafter named, in trust nevertheless to keep the same invested and from the income arising therefrom, or from the corpus of my Estate, to pay my wife $150.00 each and every month, during the term of her natural life; to begin immediately after my death; and if by reason of sickness, or otherwise, said $150.00 per month shall not maintain and support my wife, in comfort, then I do direct that she shall receive sufficient money either from the income or corpus of my Estate, to make her comfortable.
"Fifth: After the death of my wife, Sarah L. Hammell, I direct that my daughter shall receive from my estate $100.00 each and every month during the term of her natural life, or so long as she shall be married. If my daughter's husband shall be deceased at the time of the death of my wife, or thereafter shall predecease my daughter, then upon the death of the husband of my daughter, I give, devise and bequeath said residue of my estate to my daughter, Harriet N. Goeke, her heirs, and assigns, forever.
"If my daughter shall predecease her husband leaving child or children of her body, her surviving, then I give, devise and bequeath said residue of my estate to such child or children of my deceased daughter, Harriet N. Goeke.
"If my daughter, Harriet N. Goeke, shall predecease her husband leaving no child or children, of her body, her surviving, then I do direct the said residue of my Estate shall be divided between my brother, Harry Hammell, my sisters, Emma Stanton, Drussilla Carr and Bertha Pierson, and my nephews, Raymond Hammell and Clifford Bangham, share and share alike. If either my brother, or either one of my sisters, shall be deceased at the time of the distribution of my estate, after the death of my wife, leaving child or children him or them surviving, then the share above bequeathed to my said brother or to either of my sisters shall go to the heirs of said deceased brothers or sisters. If either of my nephews shall be deceased at the time of the distribution of my estate, after my wife's death, then I do direct that the legacy above given to said deceased nephew shall lapse and *Page 296 
that share shall become a part of the residue of my estate and shall be distributed among my brothers and sisters, or their heirs, as provided above, for their shares.
"I hereby make, constitute and appoint my wife, Sarah L. Hammell, and my daughter, Harriet N. Goeke, executrices and trustees of this my last Will and Testament, and upon the death of my wife, or the death of my daughter before the Estate is distributed, I hereby direct that my brother, Harry Hammell, shall be appointed executor to serve with the surviving executrix."
The corpus of the testator's residuary estate embraced both real and personal property. The monthly monetary bequests have now exhausted all of the personal assets, and to continue the periodical payments to the life beneficiary in conformity with the testator's directions, it is imperative to resort to a sale of one of the parcels of real estate. A purchaser is available who entertains some doubt of the authority of the trustee to convey the real estate. No express power to sell is contained in the will.
Where the implication of a power to sell lands is clear from an examination of the terms of the entire will and a sale of real estate is necessary in order to execute the purposes of the testator, the power to make the sale will be recognized and the intentions of the testator will not be defeated by reason of the omission of an express power. Lindley v. O'Reilly,50 N.J. Law 636; 15 Atl. Rep. 379; Chandler v. Thompson, 62 N.J. Eq. 723;48 Atl. Rep. 583; Girard Trust Co. v. Cheeseman, 93 N.J. Eq. 266; 115 Atl. Rep. 745; Barr v. Booz, 96 N.J. Eq. 535;125 Atl. Rep. 567; Dunn v. Oram, 126 N.J. Eq. 515; 10 Atl. Rep. 2d277; Braun v. Muller, 132 N.J. Eq. 56; 26 Atl. Rep. 2d731; Hill v. Van Sant, 133 N.J. Eq. 133; 30 Atl. Rep. 2d904; Bostock v. Dennin, 134 N.J. Eq. 388; 36 Atl. Rep. 2d10; Ryder v. Ryder, 136 N.J. Eq. 279, 283; 41 Atl. Rep.
2d 278; Noren v. Sillitoe, 137 N.J. Eq. 278; 44 Atl. Rep.
2d 803; Weber v. Beales, 140 N.J. Eq. 423; 55 Atl. Rep.
2d 67.
It is immediately noticeable that this testator in the disposition of the residue of his estate made no distinctions whatever between the real and personal property. Dunn v. Oram,supra; Bostock v. Dennin, supra. He referred to the *Page 297 
principal of the trust as "the corpus of my estate" and "my estate." He directed the trustees "to keep the same invested."Girard Trust Co. v. Cheeseman, supra. The bequests to his widow and daughter were to be paid "from the income arising therefrom or from the corpus of my estate" or "from my estate." Upon the occurrence of certain specified contingencies he desired "the said residue of my estate" to be "divided" among a brother, three sisters, and two nephews "share and share alike." He alluded to the shares "bequeathed" and to the "distribution" among his beneficiaries.
Since it appears that the real estate consisted only of two houses known as No. 117 and No. 119 South Montgomery Street, Trenton, I am the more persuaded that it was the testator's intention that the division of his residuary estate should be in money "shares" and to that end he contemplated sales of the real estate to accomplish the "distribution."
And, moreover, it is obvious that the widow and daughter of the testator were the primary objects of his bounty in whose continued financial welfare he had a foremost and superior interest. His bequests to them as life beneficiaries were to come from the residuary trust, corpus and income. The bequests were of a monetary essence. It is therefore incongruous to suppose that the testator intended to terminate the periodical pecuniary bequests to his widow or daughter upon the insufficiency or depletion of the personal property comprised in the assets of his residuary estate. The trustee is under the duty to obey the requisitions of the will. To consummate them necessitates the conversion of the real estate into cash. The authority and power of the complainant to pursue that unavoidable administrative expedient is implicit in the testator's will.
Decree accordingly. *Page 298