[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 137 
The following is the opinion of Judge Grimshaw in the Chancery Division of the Superior Court:
"This is a bill for the partition of real estate of which Charles W. Simonds died seized. The testator who died August 28, 1920, in his will provided among other things as follows:
"`THIRD: I give, devise and bequeath the use and income of all the rest residue and remainder of my estate both real and personal unto my beloved wife Margaret Simonds, together with so much of the principal as may be necessary for her support and maintenance, for and during the term of her natural life.
"`FOURTH: Upon the death of my said wife Margaret Simonds, I order and direct my executors hereinafter named or the survivors *Page 138 
of them, to sell and dispose of all my real estate then remaining and to divide all my then remaining estate both real and personal as follows:
"`To my son Grover Simonds, a one-sixth part thereof, to my daughter Ellie Forshay, a one-sixth part thereof, to my son Joseph Simonds a one-sixth part thereof, to my daughter Louise Simonds, a one-sixth part thereof, to my daughter Alice Anderson a one-sixth part thereof and to Mary M. Simonds, widow of my son Edgar Simonds, the remaining one-sixth part thereof for the support, education and maintenance of her son Charles Edgar Simonds.
"`LASTLY: I nominate and appoint my son Grover Simonds, my daughter Ellie Forshay, and my daughter-in-law Mary M. Simonds, executors of this my last will and testament with full power and authority to sell and dispose of any or all of my real estate, excepting however the property above specifically devised to the children of my deceased brother, John Simonds, together with the power to mortgage the same or any part thereof, should the same be necessary for the proper support and maintenance of my said wife.'
"By a codicil to the will, the testator modified the provision for his grandson, Charles E. Simonds, contained in the fourth paragraph of the will.
"On August 20, 1928, a judgment was obtained against Joseph Simonds, one of the residuary beneficiaries. By virtue of a writ of execution and levy made under the judgment, the sheriff of Passaic County sold all of the right, title and interest of the said Joseph Simonds in the lands sought to be partitioned to the complainant Jennie D. Kuiken.
"Margaret Simonds, widow of the testator, died November 24, 1939. The said Joseph Simonds died May 16, 1943, intestate, leaving as his only next of kin and heirs at law his widow, Helen Cole Simonds and his daughter Lucille Simonds.
"The facts are not in dispute. They were made the subject of a stipulation executed by all of the parties.
"Under the terms of the testator's will the executors were directed to sell the real estate at the expiration of the life estate and distribute the proceeds among the named beneficiaries. In view of this provision of the will, there can be no partition. Where as here, the executors are directed to sell the real estate and distribute the proceeds, such proceeds are to be regarded as gifts of money and not as devises of real *Page 139 
estate. Weber v. Beales, 140 N.J. Eq. 423; Braun v. Muller,132 N.J. Eq. 56.
"It is argued that the failure of the executors to exercise the power of sale for nine years after the death of the life tenant resulted in the extinguishment of the power. Such is not the law.Morse v. Hackensack Savings Bank, 47 N.J. Eq. 279.
"It is further argued that the beneficiaries elected to take the land rather than have the executors sell it and distribute the proceeds. This argument is also without merit. The burden of establishing the fact of an election was upon the complainant and she failed to sustain that burden. So far as the record shows there was a complete absence of that unanimous action of the parties in interest necessary to avoid compliance with the testator's direction to sell. And as three of the beneficiaries were executors, they had not the capacity to do any act in relation to the trust property which would inure to their own benefit and operate to impair or defeat the trusts they undertook to perform. Morse v. Hackensack Savings Bank, supra.
"Partition will be denied. Upon a sale by the executors the deed from the sheriff to the complainant will become ineffective. The gift to Joseph Simonds is to be regarded as a gift of money, not real estate. Upon his death his share descended to his next of kin, not his heirs at law. The complainant must enforce her claim against that share as personalty. Triplett v. Ivins,93 N.J. Eq. 202."
The judgment appealed from is affirmed for the reasons expressed in the opinion of Judge Grimshaw, in the Chancery Division of the Superior Court, with the addition that the plaintiff's prayer, as a part owner, for an accounting fell with the denial of the partition.