56 N.J. Super. 18 (1959)
151 A.2d 421
IRVING AGISIM, ETC., ET AL., PLAINTIFFS,
v.
TILLOU REALTY CO., INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 13, 1959.
*19 Mr. Harry Schaffer, attorney for plaintiffs.
Messrs. Pallitta and Pallitta (Mr. George G. Pallitta, appearing), attorneys for defendant.
SCHERER, J.S.C.
Plaintiffs, as legal owners of improved real estate known as 52 Milford Avenue, Newark, New Jersey, entered into a contract on December 31, 1958 to sell the property to the defendant for the sum of $10,000, title to close March 31, 1959. Plaintiffs have tendered a *20 deed, but defendant has refused to take title for reasons which will hereafter appear. Plaintiffs seek a judgment for specific performance of the contract of sale. Defendant claims that the plaintiff Irving Agisim, as testamentary guardian and trustee of Marsha Mona Masoff, cannot legally sell his ward's interest in this property because the will under which he was appointed contains no power of sale. There is the further claim that there is an outstanding curtesy right for which no deed or release has been tendered.
The facts are not in dispute and have been stipulated. Additional facts requested by the court have been submitted by consent in a supplemental affidavit of the guardian. The matter came on for resolution upon the plaintiffs' motion for summary judgment. There being no factual dispute and the problem being one of law only, it is appropriate to dispose of the issue by such a motion. R.R. 4:58-3; Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67 (1954); Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 67 (1959).
The facts are these: Lillian Masoff Krushen died testate December 6, 1954, seized of the lands and premises above mentioned, together with some small amount of personal property. She left surviving a husband, Herman Krushen, and two children by a former marriage, Marsha Mona Masoff and Judith Claire Masoff (hereinafter referred to respectively as "Marsha" and "Judith"). Both children were minors at the time of her death. Judith became of age January 20, 1956. Marsha is presently 17 years of age and is a student at a local high school. The father of these children died November 9, 1949, leaving no estate. After his death the mother married Herman Krushen. Prior to that marriage she and Krushen entered into a prenuptial agreement dated September 4, 1953, in which reference to the property 52 Milford Avenue, Newark, New Jersey, is made and by the terms of which Krushen agreed that, in consideration of the solemnization of the marriage, he waived and relinquished any right which might become vested in *21 him as husband or widower, either by way of curtesy or otherwise, in said lands and premises. The agreement also provided that upon the request of Lillian Masoff, "or of her heirs, executors, administrators or assigns," he would execute any documents necessary to enable her or them to mortgage or convey said real estate, and it was further stated that any document executed by her or them for the purpose of encumbering or conveying the property would be valid and effectual to pass "a clear and perfect title" to said land and should have the effect of barring his curtesy or any other right which he may have therein. Since the death of Mrs. Krushen, Herman Krushen has remarried and removed himself from the household. His signature on a deed or release of curtesy cannot be obtained.
By paragraph Second of her will, dated March 16, 1954, Mrs. Krushen devised and bequeathed her residuary estate, real, personal or mixed, to her daughters, Judith and Marsha, share and share alike. In paragraph Third she provided that if either daughter should be under the age of 21 years at the time of the testatrix' death, the custody of such daughter during minority should be awarded to the testatrix' nephew, Irving Agisim, whom she named as testamentary guardian and trustee. In the same paragraph she directed the guardian and trustee to use as much of the principal and income of the legacy of either daughter as he should deem advisable for the support of said daughter and, upon the latter attaining the age of 21 years, the balance then remaining was to be paid to her. Mr. Agisim was appointed executor, "with full powers." The testatrix did not give to Mr. Agisim, either as testamentary guardian, trustee or executor, specific power of sale of the real estate.
Mrs. Krushen left a very small personal estate and some insurance. The moneys have been used by the guardian for the support of the children. On January 20, 1956 Judith became of age and the balance remaining in her trust fund was paid over to her. At the present time there is a balance in Marsha's fund of $1,200. This is the only *22 asset of that trust fund, except Marsha's one-half interest in the Milford Avenue property.
The proof submitted shows that the real property for the last 12 months has been operated at a net loss of about $1,300. In order to prevent criminal action on the part of the Newark Board of Health, repairs must be made soon and these will cost between $1,500 and $1,600. The neighborhood is not a good one and the value of the property will not be increased by the spending of this money. There is no source from which money can be secured for Marsha's share of the cost, except the remaining funds in the guardian's possession.
The guardian believes it to be for the best interests of Marsha that the property be sold, so that money can be secured for her future support and maintenance. The amount required for her annual support is $1,800. She has no income at all, except the sum of $51.30 per month which she is receiving as social security benefits, but this payment will stop on May 31, 1959, when she will become 18 years of age. Both her sister Judith and the guardian have been required to use their personal funds for Marsha's support, and the trust is indebted to the guardian for these advancements in a sum in excess of $600. Marsha desires upon completion of high school this year to take a special course of training to qualify as a medical or dental assistant, the cost of which for one year will be $500, besides books and other materials.
I find as a fact that it will be for the best interests of the ward that the property be sold and the money used for her support, maintenance and education. The problem, however, is whether, in view of the lack of a specific power of sale in the will, the court has power to direct a sale.
As was aptly stated in Busch v. Plews, 12 N.J. 352 (1953), courts today have shed the tyranny of labels and justly strive to ascertain and effectuate, if lawful, the overriding plan and purpose of the testator as gathered from the language of his entire will and the attendant circumstances. *23 See also, In re Armour's Estate, 11 N.J. 257 (1953).
The intention of the testatrix is clear and beyond dispute  to provide for the support of her daughters from "principal and interest" until they attain their majority. No distinction is made in the will between the testatrix' real and personal property, but it is lumped together and disposed of in her residuary estate. It is impossible to conclude that she would not have wished the real estate sold in order to properly provide for the support of her daughters if the necessity therefor arose. To defeat this obvious purpose because of the omission by the scrivener of a specific power of sale is to defeat the basic purpose of the will and to render slavish homage to form rather than to substance and intent. Busch v. Plews, supra.
A situation quite similar to the one sub judice was before the court in Goeke v. Pierson, 141 N.J. Eq. 294, at page 296 (Ch. 1948), and, after citing numerous other decisions in this state on the point, the court said:
"Where the implication of a power to sell lands is clear from an examination of the terms of the entire will and a sale of real estate is necessary in order to execute the purposes of the testator, the power to make the sale will be recognized and the intentions of the testator will not be defeated by reason of the omission of an express power."
See also, Dunn v. Oram, 126 N.J. Eq. 515 (Ch. 1940). Other cases could be cited, but the Goeke and Dunn cases suffice to clearly illustrate the rule that a power to sell real estate will be implied in a will when to do so is necessary to carry out the apparent intent and purpose of the testator. See 1 Restatement of the Law of Trusts, sec. 190(b), p. 502; note also comment (c) at p. 503 and the New Jersey authorities cited in volume 3. A mere naked trusteeship will not confer power of sale by implication. Slomkowski v. Levitas, 9 N.J. Misc. 854 (Sup. Ct. 1931), affirmed 109 N.J.L. 545 (E. & A. 1932).
*24 I find that in order to carry out the obvious intention of the testatrix to provide for her daughters, the conversion of the real estate into cash is required, and that there is an implied power of sale in the will to accomplish this.
The failure of Krushen to execute a formal document conveying or releasing his alleged curtesy right does not defeat the contract of sale. A specific release of curtesy is contained in the prenuptial agreement, which was duly recorded as a deed in the Essex County Register's Office on August 25, 1955. By specific language contained in that agreement Krushen relinquished any right in this property which he might have obtained by his impending marriage with Mrs. Masoff. He released all interest "either by way of curtesy or otherwise, in and to all the lands * * * located at #52 Milford Avenue, in the City of Newark, County of Essex and State of New Jersey." A clearer expression of intent would be difficult to find. In the same agreement Krushen stated that no document would be required to be signed by him in order to pass a clear and perfect title or to encumber the property, and that any document so executed by Mrs. Krushen, "or her heirs, executors, administrators or assigns," without his signature, would convey a clear and perfect title and "shall bar his curtesy and all other of his right, title and interest therein, to the same extent" as if he had joined in such deed or other instrument.
A written document is to be construed by the courts so as to be in accord with justice and common sense and the probable intention of the parties. Krosnowski v. Krosnowski, 22 N.J. 376 (1956).
A husband may exclude himself from curtesy by a contract made before or after marriage, provided the law of the state in which the contract is made allows contracts between husband and wife and there is no specific prohibition of a contract of this particular character. 2 Tiffany, Real Properly (3rd ed.), sec. 565, p. 467.
*25 There is no prohibition in this State against husbands and wives contracting with each other, even for the transfer of real estate. N.J.S. 37:2-18 permits husbands and wives to convey real estate to each other and, after the execution of such a deed, all rights of the grantor, by way of curtesy, dower or otherwise, are extinguished in favor of the grantee or any person claiming by conveyance, devise or contract from the grantee. By N.J.S. 37:2-18.1 married persons may release their respective dower or curtesy to each other by deed duly executed, acknowledged and recorded as a deed of real estate. Thus, the legislative purpose to permit husbands and wives to convey to each other, in order to extinguish their respective rights and to release their curtesy and dower to each other, is established.
The prenuptial agreement is an instrument under seal, duly executed and acknowledged as a deed, and similarly recorded. There can be no doubt that if this had been done after marriage no question of its effect would have arisen. No reason is apparent why, having been done before marriage, it should not be equally valid and effectual to extinguish Krushen's curtesy right.
I find as a fact that Krushen intended by this document to release his curtesy right in the real estate in question and to make it unnecessary for him to sign any future documents in connection with any sale, mortgage or other act relating to the real estate, and that the document by its terms effectively operates to bring about this result.
A judgment will be entered for the plaintiffs for specific performance of the contract of sale, and the defendant will be directed to pay the balance of the contract price upon receiving a deed signed by Judith Claire Masoff and the testamentary guardian and trustee of Marsha Mona Masoff.