77 N.J. Super. 306 (1962)
186 A.2d 314
DONALD E. BRIEL, EXECUTOR UNDER THE WILL OF HENRIETTA B. LYNN, DECEASED, PLAINTIFF,
v.
CHARLES G. MOODY, III AND JEAN BRIEL SMITH, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 29, 1962.
*307 Mr. Benjamin Marmer for plaintiff.
Mr. Herbert K. Reay for defendant Charles G. Moody, III (Messrs. Bleakly, Stockwell & Zink, attorneys).
WICK, J.S.C.
This is a suit wherein the plaintiff, Donald E. Briel, executor under the will of Henrietta B. Lynn, deceased, seeks a determination in regard to trust income from certain Wellington Trust Fund shares, power of conversion of assets and limitation of investments.
Henrietta B. Lynn died December 30, 1960 and by her last will and testament of June 6, 1960 created two trust funds. The first trust fund, comprised of 937 shares of Wellington Fund Securities, was set up by the second paragraph of the will as follows:
*308 "SECOND: I give and bequeath to my Executor all my Wellington Fund Securities in trust, nevertheless, to invest the same, to reinvest the same and to keep the same invested and to pay the net income therefrom to my beloved sister Jean Briel Smith for and during the term of her natural life and then at her death to transfer absolutely all such securities to my beloved great-nephew Charles Moody, presently resident at Trapp, Montgomery County, Pennsylvania."
On December 28, 1961 the Wellington Fund paid a cash dividend of $.98 a share, with $.47 designated as income and $.51 as capital gains. The plaintiff contends by this action that the entire distribution from the Wellington shares should be treated as income. The respondents charge that the portion designated as capital gains should not be distributed to the life beneficiary but should accrue to the principal. The complaint also seeks instructions as to the retention of the Wellington shares, the power to sell, and the further investment if sale be made.
The New Jersey Principal and Income Act, N.J.S. 3A:14A-1 et seq. at 3A:14A-1(d) provides:
"`securities' means * * * (4) shares of any open-end or closed-end management type investment company or investment trust registered pursuant to the Federal Investment Company Act of 1940, as from time to time amended; * * *."
There is no question but that the Wellington Fund shares fall within this definition, both as to description and registration under the federal act.
N.J.S. 3A:14A-5, entitled "Ascertainment of Income," provides:
"A. Except as in this act otherwise provided, the following shall be income
(a) all dividends on shares of stock of a corporation held in an estate, payable otherwise than in the stock of the corporation declaring such dividends, including, by way of description and not by way of limitation, cash dividends, extraordinary and ordinary, and dividends payable in securities of a corporation other than the corporation declaring such dividends; * * *."
*309 The cash distribution of $.98 per share falls within the above "description" of income. The beneficiary for life, Jean Briel Smith, is entitled to all of the cash dividends of the Wellington Trust Fund shares from this trust.
Since the adoption of this act, L. 1952, c. 156, N.J.S. 3A:14A-1 to 3A:14A-9, the courts of New Jersey have not passed upon this question. In Central Hanover Bank & Trust Co. v. Braman, 111 N.J. Eq. 191 (Ch. 1932), Vice-Chancellor Backes said:
"* * * The Alwyn Corporation dealt in securities. Securities were its stock in trade, its capital assets, as shoes or hats are the commodities of commercial companies. Dividends declared out of profit made in dealing in them after the testator's death belong to the life tenants." (at p. 194)
Thereafter the Uniform Principal and Income Act above mentioned was adopted with the purpose of simplifying the determination of what should be considered income and what should be considered principal.
A similar statute in Pennsylvania was passed upon in In re Lovett Estate (No. 2), 78 Pa. Dist. & Co. R. 21 (Orph. Ct. 1951), dealing with Wellington Fund capital gains dividend, wherein the court said that "the trustee had made proper distribution of `capital gains dividends' as income to the life beneficiary." Apparently Massachusetts takes the opposite position. See In re Arens, 178 A.2d 119 (Cty. Ct. 1962), following the case of Minot v. Paine, 99 Mass. 101 (Sup. Jud. Ct. 1868).
The executor also seeks by way of this action to determine whether he is obligated to retain the Wellington Trust Fund securities or may he sell said securities in his discretion. If this question be answered in the affirmative, then the executor also seeks to have the court determine whether he must invest the proceeds in legal investments required of fiduciaries in this State.
As stated above, the language of the will reads, "to invest the same, to reinvest the same and keep the same invested." *310 Language of this nature is usually construed with respect to personal property to mean that a duty has been imposed on the executor or trustee which carries with it a power of sale. Girard Trust Co. v. Cheeseman, 93 N.J. Eq. 266 (Ch. 1921). A power of sale of such property must be found to be necessary or appropriate to carry out the purposes of the trust. The power itself need not be conferred in specific language, but may be construed. Scarborough v. Scarborough, 134 N.J. Eq. 201 (Ch. 1943).
It would appear from the present market value of the shares concerned (at the time of the suit) that the income return is very good. But in the event that the trustee finds it necessary in the future to sell these shares, the will shall be construed to mean that the executor or trustee shall be empowered to sell the Wellington Trust Fund shares.
A second trust created in the same will contains the following language, "to invest, reinvest, and keep invested in securities selected in his discretion and without requiring him to limit such investment to those prescribed by statute for fiduciaries." As would be noted from a reading of the first trust, no such broad words as used in the second trust are used in its creation. It would seem, therefore, that the testatrix must have determined to limit the first trust to either the Wellington Fund or legal investments under the statute, N.J.S. 3A:15-1 et seq.
Judgment may be submitted in accordance with this opinion.